SCHULZE AND BURCH BISCUIT CO., Plaintiff-Appellee, *v.* AMERICAN PROTECTION INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)    No. 80-49

Opinion filed May 14, 1981.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, Frank L. Schneider, and Robert H. Mittelman, of counsel), for appellant.

Marvin Glassman, of Rabens, Formusa & Glassman, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Schulze and Burch Biscuit Company, brought suit in the circuit court of Cook County against defendant, American Protection Insurance Company, based upon a fire insurance policy. Plaintiff alleged damages due to direct loss of a large oven and to business interruption. The parties filed cross motions for judgment on the pleadings. The trial

court found for plaintiff and entered a money judgment accordingly. Defendant appeals from that order.

We affirm the trial court as to the decision on the judgment and reverse and remand on the determination of prejudgment interest.

Plaintiff operates a baking business that makes use of several large ovens to bake biscuits, crackers and related products. The ovens employ natural gas and operate continually. On September 18, 1978, at the end of a working shift, one of the ovens was inadvertently left to operate though no product was on the conveyer which traveled inside. With no product to absorb or dissipate heat, the temperature inside the oven rose in excess of the normal operating temperature and serious damage to the oven ensued. The oven normally operated at 450 degrees Fahrenheit. Plaintiff alleged in his complaint that the temperature reached 1600 degrees Fahrenheit.

The cost of repairing and replacing the damaged oven was allegedly $149,836.83. Defendant insurance company was properly notified of the loss but denied the claim.

Plaintiff argues that (1) the loss is covered under the terms and conditions of the policy of insurance issued by defendant and (2) the trial court erred in denying the allowance of prejudgment interest from the date the claim was denied until the judgment was entered in favor of plaintiff.

Defendant contends that the "friendly/hostile" dichotomy of fire insurance law allows recovery only for accidental fires. According to defendant, if the fire is confined wholly within the vessel or appliance designed for its containment, loss or damage which may occur to the appliance and other property because of overheating through lack of water or other proper handling is not covered. In support of this position, defendant cites the decision in *Austin v. Drewe* (1816), 128 Eng. Rep. 1104. In response, plaintiff cites the recent decision in *Engel v. Redwood County Farmers Mutual Insurance Co.* (Minn. 1979), 281 N.W.2d 331. In that case, the Supreme Court of Minnesota considered facts similar to those in the case at bar. In *Engel*, plaintiff had a sow barn which was heated by a furnace located outside of the building. The furnace blew hot air into the barn by means of a fan and was controlled by a thermostat. The loss occurred when sows died because there was a short in the thermostat and heat within the barn became excessive. The insurer refused to indemnify the insured plaintiff because the loss was from a "friendly" rather than "hostile" fire. The court held that a fire may be "hostile" although burning at its usual rate if it burns substantially longer or in some fashion other than expected.

"A fire which causes damage by burning for a greater length of

time than intended is no less uncontrolled merely because it continues to burn at its usual rate." *Engel,* 281 N.W.2d 331, 333.

Another case similar to the one at bar is *Barcalo Manufacturing Co. v. Firemen's Mutual Insurance Co.* (1965), 263 N.Y.S.2d 807, 24 App. Div. 2d 55. There, a gas-fired furnace designed to operate at a maximum temperature of 750 degrees Fahrenheit was inadvertently allowed to continue functioning when the automatic controls failed. As a consequence, the furnace and contents were ruined. The issue raised was whether the fire was "friendly" or "hostile." In reaching its decision, the court said:

"When the nature of present-day heating devices and equipment is borne in mind, it does not seem warranted to encumber the court-made doctrine originally announced in *Austin v. Drew[e]* * * * with the requirement that there must be some actual ignition or some burning outside the heating device, even though an excessive fire destroys the device itself. An excessive or uncontrolled fire, sufficient to melt parts of a furnace, surely is included in the intended meaning of the words 'loss and damage by fire.' "
*Barcalo,* 263 N.Y.S.2d 807, 810, 24 App. Div. 2d 55, 58.

■■ While we are mindful of the long-standing doctrine of "friendly" versus "hostile" fires, to apply such a principle in this case would be to further alienate the judicial principle of policy construction.

"The courts of this State have repeatedly held that where there is any ambiguity in a policy of insurance or questions as to appropriate construction, the policies are to be liberally construed in favor of the insured. The rule is that all provisions, conditions or exceptions which in any way tend to limit or defeat liability thereunder should be construed most favorably to the insured."
*Pierce v. Standard Accident Insurance Co.* (1966), 70 Ill. App. 2d 224, 230, 216 N.E.2d 818, 821.

■■ We are well aware of the case *Gibbons v. German Insurance & Savings Institute* (1889), 30 Ill. App. 263. However, the facts in *Gibbons* are inapposite to those existing before this court. Here, the problem does not involve the third agency of steam as in *Gibbons.* Rather, it is the direct heat from the fire contained in an insured oven. Absent an express exclusion by the insurer, any unanticipated loss or damage caused by fire emanating from such a vessel should be indemnified. Insurers have more than ample opportunity to limit their liability by way of the contract of insurance. In most instances, as is the circumstance here, the terms and conditions of insurance contracts are not negotiable. Without express provision, it is our view that it is improper to allow liability to turn on the location of the fire causing damage apart from the damage itself. When one purchases standard fire insurance he does so with the idea in mind of

protecting himself and his property from loss or damage. Our decision conserves that expectation. The trial court was, therefore, correct in reaching its decision in favor of the insured.

■■■ Further, we reverse the trial court's denial of prejudgment interest. Depending on the terms of the policy and the circumstances of the particular case, interest may be allowed from the date of the loss (*Stock v. Reliance Insurance Co.* (1968), 96 Ill. App. 2d 8, 238 N.E.2d 420; *Di Leo v. U.S. Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 200 N.E.2d 405; 22 Ill. L. & Prac. *Insurance* §578 (1956)) or after the lapse of a reasonable time for paying the amount due. The rate of interest attainable is 5 percent per annum. (Ill. Rev. Stat. 1977, ch. 74, par. 2.) Nothing in the terms of the insurance policy or circumstances of this case would prohibit recovery of prejudgment interest. Where, as here, liability has been denied on grounds other than the failure to file a proof of loss, no sworn statement in proof of loss has been filed, and the liability of the insurer has been subsequently determined, 60 days following the date of loss is a reasonable amount of time from which to allow prejudgment interest. In this case, the date of denial by defendant was December 13, 1978, more than 60 days from the date of loss. We deem that to be an appropriate date from which to allow prejudgment interest. Therefore, the trial court's decision regarding prejudgment interest must be reversed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part. The case is remanded to the trial court for determination of prejudgment interest in accord with the above opinion.

Affirmed in part, reversed in part and remanded, with directions.

ROMITI, P. J., and LINN, J., concur.