Edward S. **SADLOWSKI** and **Phyllis K. Sadlowski,** his wife, **Plaintiffs,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation and F.O. Dunmon, Inc., a Delaware corporation, Defendant and Third-Party Plaintiffs,**

v.

**AMERICAN STABILIS, INC., a non-Delaware corporation, Third-Party Defendant.**

Superior Court of Delaware, New Castle County.

Submitted Aug. 27, 1984.

Decided Dec. 21, 1984.

---

Frank J. Gentile, Jr., Wilmington, for plaintiffs.

Phebe S. Young, of Bayard, Brill & Handelman, P.A., Wilmington for defendant, Liberty Mut. Ins. Co.

O'HARA, Judge.

During the week of November 23, 1981, the plaintiffs, Edward S. and Phyllis K. Sadlowski, had a gas-fired furnace, including a programmable "set-back" thermostat, installed by defendant, F.O. Dunmon, Inc. ("Dunmon"), in plaintiffs' home at 1504 Beech Street, Wilmington, Delaware. On or about November 25, 1981, the thermostat allegedly malfunctioned causing excessive fire and heat to be generated, thereby causing damage and destruction to plaintiffs' real and personal property.

Several months prior to the incident, plaintiffs purchased an insurance policy on their home from defendant, Liberty Mutual Insurance Company ("Liberty Mutual"). The policy was in effect during November, 1981.

On June 4, 1982, plaintiffs commenced a contract action against defendants Dunmon and Liberty Mutual.[1] Defendant Liberty Mutual has filed a motion for summary judgment, contending that there are no disputed, material issues of fact, and that the

---

1. On August 31, 1982, defendant Dunmon filed a third-party complaint against American Stabilis, Inc., the manufacturer of the thermostat. Defendant American Stabilis, Inc. has not participated in this motion.

fire which allegedly caused the damages sustained by plaintiffs was "friendly" rather than "hostile" and, therefore, not covered by plaintiffs' policy. Due to an apparent lack of Delaware authority on the friendly/hostile doctrine, the Court requested supplemental briefing on the appropriate rule to be followed.

After careful review and consideration of both parties' arguments and the authorities relied upon in support thereof, the Court has determined that the "reasonable expectations of the purchaser" analysis should be adopted. *State Farm Mutual Automobile Ins. Co. v. Johnson*, Del.Supr., 320 A.2d 345 (1974). There being insufficient evidence in the record to determine what the reasonable expectations of the plaintiffs were when they purchased the insurance policy, this matter is not ripe for summary judgment.

■ Plaintiffs' insurance policy provides insurance for "direct loss ... caused by (1) [f]ire...." [2] Section I(1). Defendant Liberty Mutual argues that the term "fire" refers only to "hostile", not "friendly" fires. Relying upon *Mitchell v. Globe & Republic Ins. Co.*, Pa.Super., 150 Pa.Super. 531, 28 A.2d 803 (1942), defendant Liberty Mutual defines a friendly fire as an intentionally lit fire which remains at all times confined within its intended spacial limits. Defendant argues that there is no evidence indicating that the fire here escaped the confines of plaintiffs' furnace, and therefore, the fire was not covered by the policy.[3]

**2.** The policy also provides coverage for direct loss caused by smoke. Section I(7). Defendant concedes that the provision covers smoke damage even from friendly fires. Defendant, however, contends that there is no evidence indicating that plaintiffs' property was damaged by smoke. Defendant relies upon the deposition of Keith Kandle, a former employee of defendant Dunmon. Mr. Kandle testified that when he returned to plaintiffs' home after their thermostat had allegedly malfunctioned, he did not observe any smoke damage. In plaintiffs' answers to defendant Liberty Mutual's interrogatories, plaintiffs stated that their draperies, walls

Plaintiffs urge the Court to reject the friendly/hostile doctrine in favor of an approach which comports with the reasonable expectations of the insured. Alternatively, plaintiffs argue that the fire which occurred in their home should be characterized as hostile since it was excessive, even if it did not escape the confines of the furnace. *L.L. Freeberg Pie Co. v. St. Paul Mutual Insurance Co.*, Minn.Supr., 257 Minn. 244, 100 N.W.2d 753 (1960).

The friendly/hostile doctrine, derived from a nineteenth century English case,[4] has been severely criticized in recent years. See generally Reis, *The Friendly Versus Hostile Fire Dichotomy*, 12 Vill.L.Rev. 109 (1966). In *Engel v. Redwood Cty. Farmers Mut. Ins.*, Minn.Supr., 281 N.W.2d 331 (1979), the Court stated that:

> [b]y adopting this [the friendly/hostile] doctrine, courts have in effect established a presumption, seemingly irrebuttable [sic], that the parties to the transaction, particularly the prospective insured, were aware of this doctrine and contemplated its inclusion in the policy. Common sense tells us that this is more than likely not the case. When an insured buys a fire insurance policy which "covers all losses or damage by fire" his expectation is that it will cover all unintentional losses from fire, except listed exclusions, regardless of the nature or character of the fire. The doctrine thus seems to protect the insurer at the expense of the unwitting insured. *Id.* at 332–333.

Similarly, in *Schulze & Burch Biscuit v. Am. Protection Ins.*, Ill.App., 96 Ill.App.3d

and ceilings, trim and carpets had been damaged by soot. With respect to those items, summary judgment must be denied not only because of the Court's legal ruling, but also because disputed, material issues of fact exist. Superior Court Civil Rule 56(c).

**3.** In view of the Court's decision regarding the legal standard to be applied in this matter, the Court expresses no opinion on whether facts are in dispute on this issue.

**4.** *Auston v. Drew*, 4 Campb. 360 (1816).

350, 51 Ill.Dec. 823, 421 N.E.2d 331 (1981), the Court rejected the friendly/hostile doctrine on the ground that absent an express provision in the policy, it is improper to allow liability to turn on the location of the fire causing damage apart from the damage itself.

■ The views expressed by the Courts in *Engel v. Redwood Cty. Farmers Mut. Ins.*, supra, and *Schulze & Burch Biscuit v. Am. Protection Ins.*, supra, are consistent with our own courts' view of insurance contracts. The Supreme Court and this Court have determined that an insurance contract should be read in accordance with the reasonable expectations of the purchaser so far as the language of the contract permits. *State Farm Mutual Automobile Ins. Co. v. Johnson*, supra; *Harleysville Mut. Ins. v. Five Points Fire*, Del.Super., 444 A.2d 304 (1982). The rationale behind this rule of construction is that an insurance contract is a contract of adhesion and not generally the result of arms-length negotiation between the parties. *Hallowell v. State Farm Mut. Auto. Ins. Co.*, Del. Supr., 443 A.2d 925 (1982).

■ The Court believes that the language in the insurance policy which forms the basis for this action is ambiguous. Reasonable persons could differ, as the parties have, over the meaning of "direct loss ... caused by (1) [f]ire...." Accord *Karadontes v. Continental Insurance Company*, N.J. Dist., 139 N.J.Super. 599, 354 A.2d 696 (1976). *Webster's New Collegiate Dictionary* 427 (8th ed. 1981) lends support to both parties' interpretations. It defines fire as "the phenomenon of combustion manifested in light, flame, and heat." *Id.*

Because the insurance policy is ambiguous, it should be interpreted in accordance with the reasonable expectations of the purchaser, in this instance, plaintiffs. *Steigler v. Insurance Co. of North America*, Del.Supr., 384 A.2d 398 (1978); *Mount Vernon Fire Ins. v. Pied Piper, Etc.*, Del. Super., 445 A.2d 949 (1982); cf. *Hallowell v. State Farm Mut. Auto. Ins. Co.*, supra

(doctrine of reasonable expectations not applicable where language is free from ambiguity); *Casson v. Nationwide Ins. Co.*, Del.Super., 455 A.2d 361 (1982) (where language of policy is clear, insurer and insured are bound by its terms); *Allstate Auto Leasing Co. v. Caldwell*, Del.Super., 394 A.2d 748 (1978) (disputed term defined in policy).

■ There being no evidence in the record indicating what the reasonable expectations of plaintiffs were at the time they purchased the policy, this matter is not ripe for summary judgment. Defendant's motion is denied.

IT IS SO ORDERED.