JEFFREY F. KURE, Plaintiff-Appellant, v. KIMBERLY L. SLUSKI, Defendant-Appellee.

Third District   No. 3—88—0574

Opinion filed July 27, 1989.

Richard T. Buck, of McKeown, Fitzgerald, Zollner, Buck & Sangmeister, of Joliet, for appellant.

Esther Joy Schwartz and Mary A. Mazurk, both of Orner & Wasserman, Ltd., of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Jeffrey F. Kure, sued the defendant, Kimberly L. Sluski, in negligence for injuries he received in an auto accident. The jury found in favor of the defendant. The plaintiff appeals.

The defendant testified that on the evening of March 16, 1986, she gave the plaintiff a ride northbound on Illinois Route 171. The defendant stated that it was dark and her lights were on. As they proceeded in a 55-miles-per-hour zone, they came upon a car heading north at about 40 miles per hour. They followed the car for about a quarter of a mile, until the road changed from a no passing zone to a passing zone. She was aware of the change because she saw a sign that said "passing zone" and the center line changed from solid to broken. The defendant pulled into the southbound lane to pass. As she pulled out, she did not see any oncoming vehicles. When she pulled ahead of the other car, however, she saw an oncoming pickup truck with its lights off about four car lengths from her vehicle. The truck's driver then turned on his lights. The defendant attempted to pull back into the right lane, but the plaintiff grabbed the wheel and tried to turn it to the left. The car went into the northbound lane, then went out of control and slid across the highway before colliding with a tree on the left side of the road.

Darvin Schultz testified that he was driving north on Route 171 at a speed of 40 to 45 miles per hour when the defendant attempted

to pass him. When the defendant pulled out to pass, the cars were in a no passing zone. However, as the defendant pulled even with Schultz, the road changed to a passing zone. Schultz estimated that the defendant's speed was at least 60 miles per hour. According to Schultz, while the defendant was in the southbound lane and slightly behind Schultz's car, an oncoming pickup truck about 200 feet away turned on its lights. Schultz braked his car to allow the defendant's car back into the northbound lane. The defendant's car went into the northbound lane and then went out of control. It spun around as it crossed the highway and then collided with a tree on the left side of the road.

The plaintiff testified that the defendant began to pass in a no passing zone as they were proceeding up a hill. The defendant was driving about 73 to 75 miles per hour as she passed the car. When the pickup truck came over the hill, it was at least four car lengths away. The defendant turned back into the northbound lane but lost control of the car. The plaintiff stated that he did not attempt to turn the wheel to the left. He did not recall anything after the car went out of control.

Illinois State trooper Dale Pesavento testified that there was not a "passing zone" sign in the area where the accident occurred. He also stated that there were several "no passing zone" signs in that area.

The jury returned a verdict in favor of the defendant. The plaintiff moved for a new trial, which the trial court denied.

The plaintiff first argues on appeal that the jury's verdict should be overturned because it was arbitrary and not based on the evidence. He contends that the jury ignored evidence that the defendant had negligently attempted to pass in a no passing zone. He also argues that the evidence of his comparative negligence was incredible and unworthy of belief.

■ A jury verdict should be set aside and a new trial ordered when the verdict is against the manifest weight of the evidence. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.) A verdict is against the manifest weight when the opposite conclusion is clearly evident or when the findings are unreasonable, arbitrary, and not based on the evidence. (*Monier v. Winkler* (1987), 158 Ill. App. 3d 724, 511 N.E.2d 246.) In making this determination, a reviewing court must view the evidence in the light most favorable to the appellee. *Kemper v. McDougal-Hartmann Co.* (1984), 127 Ill. App. 3d 512, 468 N.E.2d 998.

■ In the instant case, there was conflicting testimony as to

whether the defendant was negligent in passing the vehicle. Consequently, the jury's decision largely rested on the witnesses' credibility. The weighing of credibility is normally within the province of the trier of fact. (*Mizowek*, 64 Ill. 2d at 309-10, 356 N.E.2d at 35.) Our review of the record leads us to conclude that the evidence was not so balanced in the plaintiff's favor that the verdict should be overturned.

The plaintiff next argues on appeal that the trial court gave improper verdict forms to the jury. The trial court gave the jury Illinois Pattern Jury Instructions, Civil, No. A45.08 (2d ed. Supp. 1986), which is a general verdict form in favor of the defendant, and Illinois Pattern Jury Instructions, Civil, No. A45.06 (2d ed. Supp. 1986) (hereinafter IPI Civil 2d No. A45.06), which is a modified general verdict form in favor of the plaintiff that also addresses comparative negligence. The trial court refused to give Illinois Pattern Jury Instructions, Civil, No. A45.09 (2d ed. Supp. 1986) (hereinafter IPI Civil 2d No. A45.09), which is a general verdict form in favor of the plaintiff. The plaintiff argues that there was insufficient evidence of comparative negligence to give IPI Civil 2d No. A45.06. He further contends that the failure to give IPI Civil 2d No. A45.09 precluded the jury from making a finding in his favor undiminished by his comparative negligence.

■ Verdict forms must be drawn to insure that they cover every possible finding under the evidence from the viewpoints of all parties. (*Hunter v. Sukkar* (1982), 111 Ill. App. 3d 169, 443 N.E.2d 774.) The form of the instructions is a matter within the discretion of the trial court. *Loitz v. Remington Arms Co.* (1988), 177 Ill. App. 3d 1034, 532 N.E.2d 1091.

■ We shall first address the question of whether there was sufficient evidence of comparative negligence to give IPI Civil 2d No. A45.06. We again note that the defendant testified that the plaintiff attempted to turn the wheel to the left before the car went out of control. There was also testimony that the car came to rest off the left side of the road. We therefore find that there was sufficient evidence of comparative negligence for the trial court to give IPI Civil 2d No. A45.06. See *Loitz*, 177 Ill. App. 3d at 1048, 532 N.E.2d at 1099.

Turning to the question of whether the jury could only find in favor of the plaintiff if it also found that he was comparatively negligent, we note that IPI Civil 2d No. A45.06 states in relevant part:

"We, the jury, find for the plaintiff and against the defendant and further find the following:

*First*: Without taking into consideration the question of damages due to the negligence of the plaintiff, if any, we find that the total amount of damages suffered by the plaintiff as a proximate result of the occurrence in question is $_____.

*Second*: Assuming that 100 percent represents the total combined negligence of the plaintiff and of the defendant, we find that the percentage of negligence that was a proximate cause of plaintiff's injury attributable solely to the plaintiff is ____ percent (%)." Illinois Pattern Jury Instructions, Civil, No. A45.06 (2d ed. Supp. 1986).

As can be seen from the instruction, the jury could find in favor of the plaintiff without having to reduce his award because of comparative negligence. The instruction refers to the plaintiff's negligence "if any" and does not preclude the jury from finding 100% of the negligence to be attributable to the defendant. In this regard, we note that the plaintiff referred to this instruction in his closing argument and urged the jury to find that all of the negligence was attributable to the defendant. We also note that the committee comments to IPI Civil 2d No. A45.06 state that if this instruction is given, it is not necessary to give IPI Civil 2d No. A45.09. (IPI Civil 2d No. A45.06, Comment, at A—35.) We conclude that the trial court's instructions adequately covered all of the theories of the case from the viewpoints of both parties. Accordingly, we find no error. *Hunter*, 111 Ill. App. 3d at 177-78, 443 N.E.2d at 780; *Mackey v. Daddio* (1985), 139 Ill. App. 3d 604, 487 N.E.2d 1167.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.