J.R. COUCH, Plaintiff-Appellant and Cross-Appellee, v. STATE FARM INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.

Third District    No. 3—95—0360

Opinion filed May 17, 1996.—Rehearing denied June 25, 1996.

Kenneth A. Kozel (argued), of La Salle, for appellant.

John A. Beyer (argued), of Satter, Beyer & Spires, of Pontiac, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, J.R. Couch, filed a complaint against the defendant, State Farm Insurance Company (State Farm). Following trial, the jury awarded him $35,000 for losses sustained in a fire at his home. The plaintiff appeals from post-judgment orders entered by the trial court. The plaintiff argues the trial court: (1) abused its discretion when it denied the plaintiff's request for prejudgment interest; (2) erred in allowing State Farm credit for payments it made prior to

the judgment; and (3) should have granted his post-trial request for *additur*. Following our careful review of the record, we affirm.

## FACTS

On July 12, 1990, the plaintiff's house was destroyed by fire. The plaintiff had a homeowner's insurance policy with State Farm. On July 14, 1992, the plaintiff filed an amended complaint against State Farm, alleging that State Farm refused to pay his claim for damage to his house and personal property. He sought damages in excess of $98,115, roughly the policy limits. State Farm filed an answer and affirmative defenses, claiming the plaintiff intentionally caused the fire.

A jury trial began on December 12, 1994. We note that the transcript of most of the trial testimony is not included in the record. However, the record does include a partial transcript of the testimony of one witness, Donald Revell, a State Farm employee. Revell testified that State Farm made some payments to the plaintiff following the fire. Revell stated that State Farm paid $3,500 toward personal property losses and also paid $4,246.67 to release the plaintiff's mortgage on the home. Revell testified that State Farm was seeking a credit for these payments against any damages awarded.

The record also shows that a warranty deed was admitted into evidence. The deed indicates the plaintiff's house was purchased on October 28, 1985, for $21,620.96. The plaintiff's proof of loss submitted to State Farm was also admitted into evidence. The plaintiff claimed an actual loss of $200,300 for the house and $70,370 for the contents.

During the jury instruction conference, plaintiff's attorney, Kenneth A. Kozel, requested an instruction which said the purchase price of the house could be considered only on the issue of liability and not on the issue of damages. State Farm's attorney, John A. Beyer, objected to the instruction. Beyer argued that the plaintiff failed to present any other evidence concerning the actual cash value of the house. According to Beyer, the only evidence the plaintiff presented was testimony that it would cost $200,000 to replace the house. The trial court agreed with Beyer and rejected the instruction.

Beyer then submitted a proposed verdict form. This form included the following lines for the jury to use in assessing damages:

| "Dwelling | $_____ |
| Less credit for payment to mortgagee | $_____ |
| Net dwelling damage | $_____ |
| Personal property | $_____ |

Less credit for advance personal
property payments                           $_____

Net personal property damage                $_____

Total damages (net dwelling damage
plus net personal property damage)          $_____"

Kozel objected to Beyer's verdict form because of the lines for the credits. Beyer responded by saying that this was the only way to know whether the jury considered the credits in assessing damages. The record shows the following exchange then took place:

"MR. KOZEL: Why would I do that, though? To help you, you know.

THE COURT: That's not helping. What you should be concerned about, Ken, too, for your own sake, as well as the defense, is sometimes preserving a record, to not have a record so screwed up that there's a confusion. If you get money and there is, like he's arguing, some confusion as to whether that meant less credit or not when you know that there's going to be a credit, but if there's a confusion as to whether or not they gave it, that does taint your verdict. So that's one of the things that it makes some sense and I'm offering now to *** do that.

MR. BEYER: If you strenuously object to this, I'm not going to fight you. I think it's your client that is making the mistake.

MR. KOZEL: What if we said less credits for payment to mortgagee, if any?

THE COURT: No, because there is a credit. *There is a credit that's going to come.*" (Emphasis added.)

Argument continued and then the court stated to Kozel:

"[I]f there is a credit by the policy it's not going to be waived by a jury verdict. If there's some confusion as to whether the jury gave credit then *that will be taken care of thereafter* but it won't be waived by the defense if they are entitled to the credit." (Emphasis added.)

Kozel persisted in his objection to Beyer's itemized verdict form. As a result of Kozel's objection, Beyer withdrew the itemized verdict form. Consequently, a general verdict form which included a space only for an amount for "dwelling" and for "personal property" was submitted to the jury.

The jury began its deliberations at 5:50 p.m. on December 19, 1994. At 11:35 p.m., the jury sent a note to the judge. The note stated, "[i]f an amount is agreed upon, Is State Farm entitled to the credits that they reported in court?" The judge met with Kozel and Beyer to discuss a response to the note. Based on Beyer's suggestion, the judge sent the jury a response which stated, "[t]he Law requires you to

render a verdict based on the evidence and the instructions already given." The record is clear that Kozel made no suggestions to the court regarding an appropriate response and did not object to the court's response.

Shortly thereafter, the jury returned with a verdict in favor of the plaintiff. It set damages at $35,000: $25,000 for the dwelling; and $10,000 for personal property.

Both parties filed written post-trial motions. After both motions were denied, State Farm requested credits against the verdict based upon the payments it made prior to trial. Both parties filed memoranda stating their positions on the issue of the credits. In addition, Kozel filed his own affidavit which said the jury foreman told Kozel that the jury included a credit of $5,000 for the dwelling and $5,000 for personal property in calculating its verdict. After several hearings, the court allowed State Farm a credit of $4,246.67 for the payoff of the mortgage and $2,000 for payments toward plaintiff's personal property losses. The plaintiff filed a timely notice of appeal.

## I. PREJUDGMENT INTEREST

The plaintiff first argues that the trial court should have granted his request for prejudgment interest. We disagree.

■ Section 2 of the Interest Act provides, in pertinent part, "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." 815 ILCS 205/2 (West 1994). It is well established that an insurance policy is a written instrument covered by this statute. *Ervin v. Sears, Roebuck & Co.*, 127 Ill. App. 3d 982, 991, 469 N.E.2d 243, 250 (1984); *Central National Chicago Corp. v. Lumbermens Mutual Casualty Co.*, 45 Ill. App. 3d 401, 408, 359 N.E.2d 797 (1977). Accordingly, prejudgment interest may be recovered from the time money becomes due under the policy (*Industrial Indemnity Co. v. Vukmarkovic*, 205 Ill. App. 3d 176, 188, 562 N.E.2d 1073, 1081 (1990); *Ervin*, 127 Ill. App. 3d at 991, 469 N.E.2d at 250) or after the lapse of a reasonable time for paying the amount due (*Schulze & Burch Biscuit Co. v. American Protection Insurance Co.*, 96 Ill. App. 3d 350, 353, 421 N.E.2d 331, 333 (1981)). The existence of a good-faith defense does *not* preclude recovery of interest. *Ervin*, 127 Ill. App. 3d at 991, 469 N.E.2d at 250; *Central National Chicago Corp.*, 45 Ill. App. 3d at 408.

However, for recovery of prejudgment interest, the sum due must be liquidated or subject to an easy determination by calculation or computation. *Boyd v. United Farm Mutual Reinsurance Co.*, 231 Ill. App. 3d 992, 1001, 596 N.E.2d 1344, 1350 (1992); *Marvel Engineering*

*Co. v. Commercial Union Insurance Co.*, 118 Ill. App. 3d 844, 854, 455 N.E.2d 545, 552 (1983). Also, decisions concerning awards of prejudgment interest are based on questions of fact, and a trial court's determination will not be disturbed unless contrary to the manifest weight of the evidence. *Boyd*, 231 Ill. App. 3d at 1000, 596 N.E.2d at 1349-50.

■ In this case, the trial judge denied prejudgment interest because she found the case did not involve an easily determined amount of damages. Our review of the record supports the trial court's conclusion. The plaintiff claimed actual losses of $270,670 in his proof of loss. The jury awarded only $35,000. This fact alone serves as a strong indication that the amount of damages was not readily ascertainable. See *Farwell Construction Co. v. Ticktin*, 84 Ill. App. 3d 791, 810, 405 N.E.2d 1051, 1065 (1980). Thus, the trial court's determination on this issue was not against the manifest weight of the evidence.

## II. CREDITS

The plaintiff next claims that State Farm should not have been allowed credits against the jury's verdict. He argues that State Farm waived the issue by not requesting the credits in its post-trial motion. Again, we disagree.

The court in *Klier v. Siegel*, 200 Ill. App. 3d 121, 125-29, 558 N.E.2d 583, 587-89 (1990), held that a request for a setoff does not need to be raised in a timely post-trial motion. The court reasoned that the defendants' request did not challenge the judgment itself but "was in the nature of an enforcement or supplementary proceeding invoking the continuing power of the court to control its own process." *Klier*, 200 Ill. App. 3d at 125, 558 N.E.2d at 587; see also *Weaver v. Bolton*, 61 Ill. App. 2d 98, 105-07, 209 N.E.2d 5 (1965).

■ Based upon *Klier* and *Weaver*, we conclude that State Farm properly requested credits after judgment was entered and a ruling was made on the parties' post-trial motions. Our conclusion is bolstered in this case because the trial court specifically informed plaintiff's counsel that credits would be given and would *not* be considered waived by State Farm.

The plaintiff also contends that the trial court should not have allowed the credits because they were included in the jury's verdict. Obviously, if the credits were already deducted from the jury's calculation of damages, State Farm would not be entitled to receive the credits again. See *Klier*, 200 Ill. App. 3d at 128, 558 N.E.2d at 589 (other jurisdictions have held that credits may be sought post-judgment *if* the defendant did not seek the credits during the main cause of action). On the other hand, Illinois law is clear that a

plaintiff should not be permitted to obtain a windfall recovery by receiving payment twice for the same injuries. *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 321-22, 546 N.E.2d 524, 530 (1989); *Klier*, 200 Ill. App. 3d at 129, 558 N.E.2d at 589.

The record shows that State Farm did present evidence during trial concerning the amount it paid to the plaintiff. However, the jury was not given any instruction regarding credits. The jury was only given a general verdict form. As a consequence, it is impossible to determine from the verdict form whether the jury considered the evidence concerning credits in calculating the amount of damages.

On appeal, plaintiff's counsel is essentially asking this court to modify the jury's verdict to show an allowance for credits. He relies on the jury's written question to the judge during deliberations and his own affidavit which states that the jury foreman said that credits were given amounting to $10,000.

A court can amend a verdict only to make the judgment conform with the *clear* intention of the jury. *Smith v. City of Evanston*, 260 Ill. App. 3d 925, 937, 631 N.E.2d 1269, 1278 (1994); see also *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 172, 636 N.E.2d 503, 518 (1994). Verdict forms should be drawn to insure they cover every possible finding based on the evidence presented. See *Kure v. Sluski*, 186 Ill. App. 3d 472, 475, 542 N.E.2d 1152, 1154 (1989).

In the case at hand, the plaintiff's counsel, Kenneth A. Kozel, insisted on submitting a general verdict form to the jury. We note that the very problem in this case would have been eliminated if the defendant's itemized verdict form had been submitted to the jury. If that had occurred, the record would clearly show whether or not the jury deducted the credits in assessing damages. The record does reflect the trial court's valiant attempt to explain the problem to plaintiff's counsel. Attorney Kozel also had the opportunity to withdraw his objection to the itemized verdict form when the jury sent its question regarding the credits to the judge. Instead of acting to end the confusion, Kozel persisted in his objection to the itemized verdict form. As a result, the verdict form gives us no indication whether the jury considered the issue of credits. Accordingly, we cannot amend the verdict because the record is silent concerning the jury's intention.

Kozel's affidavit is based on his conversation with the jury's foreman. The affidavit does not change our conclusion. It is well settled that the meaning and effect of a verdict must be judged *from its terms alone. Chalmers v. City of Chicago*, 88 Ill. 2d 532, 539, 431 N.E.2d 361, 365 (1982). Consequently, no statements by the jurors, ei-

ther individually or unanimously, may be resorted to for explaining or changing the verdict's meaning or legal effect. *Chalmers*, 88 Ill. 2d at 539-40, 431 N.E.2d at 365; *Sale v. Allstate Insurance Co.*, 126 Ill. App. 3d 905, 925, 467 N.E.2d 1023, 1036 (1984). Only evidence that the jury considered extraneous information can be used to impeach a verdict. See *Macias v. Cincinnati Forte*, 277 Ill. App. 3d 947, 950, 661 N.E.2d 472, 474 (1996). In *Allen v. Dhuse*, 104 Ill. App. 3d 806, 810, 433 N.E.2d 356, 360 (1982), this court affirmed the trial court's decision not to consider an affidavit from the jury foreman. The affidavit claimed that the jury had increased the amount of the award to allow for plaintiff's attorney fees. This court concluded in *Allen* that it would be improper for the trial court to consider such an affidavit. *Allen*, 104 Ill. App. 3d at 810-11, 433 N.E.2d at 360. Following well-settled law, we reach the same conclusion in this case.

## III. *ADDITUR*

■ The last issue is whether the trial court should have granted the plaintiff's request for *additur* because it failed to give the jury a limiting instruction regarding the purchase price of the house. We agree with State Farm that the record on appeal is not sufficient for a proper review of this issue.

It is the appellant's burden to present a sufficient record of the proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). In the absence of a sufficient record, it will be presumed that the trial court's judgment conformed with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959.

In the case at hand, a transcript of the damages evidence is not included in the record. As a consequence, we cannot determine whether the requested instruction was warranted by the evidence. As a result, the law requires us to presume that the trial court properly refused the instruction. See *Foutch*, 99 Ill. 2d at 393, 459 N.E.2d at 960.

For the reasons indicated, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BRESLIN, P.J., and HOLDRIDGE, J., concur.