FIRST DIVISION                                  AUGUST 3, 1998

No. 1-97-0273

ANGELO MARCHESCHI, JR.,

Plaintiff-Appellee and Cross-Appellant,

v.

ILLINOIS FARMERS INSURANCE COMPANY,

Defendant-Appellant and Cross-Appellee.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

92 L 15843

Honorable

Ian Levin,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff Angelo Marcheschi brought this action under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1996)) alleging that defendant Illinois Farmers Insurance Company vexatiously and unreasonably refused to settle an uninsured motorist claim arising from an automobile accident in which plaintiff was injured.  Defendant filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)) based on its claim the appropriate statute of limitations had expired.  Defendant's motion was denied.  In a bench trial, the trial court awarded plaintiff $18,750 as permitted by section 155, $8,075 in attorney fees related to the arbitration of the uninsured motorist claim, and $7,968.75 in prejudgment interest.  The trial court denied plaintiff attorney fees in the prosecution of the present action.  From these orders, defendant appeals and plaintiff cross-appeals.

The issues on appeal are: (1) whether the trial court properly determined that section 155 of the Insurance Code is not a statutory penalty to which a two-year statute of limitations must apply; (2) whether the trial court correctly determined that defendant unreasonably and vexatiously delayed the settlement of plaintiff's uninsured motorist claim under section 155; and (3) whether the trial court properly awarded prejudgment interest to plaintiff.  On cross-appeal, the issue is whether the trial court acted within its discretion in awarding limited attorney fees to plaintiff and in its denial of plaintiff's petition for fees in the present action.

We answer the above in the affirmative and affirm the trial court's decision on appeal.

  

FACTS

On December 22, 1992, plaintiff filed a complaint against defendant seeking recovery under section 155 of the Insurance Code based on defendant's refusal to settle his claim for uninsured motorist benefits within the applicable policy limits.  Following the accident, which occurred on December 9, 1983, defendant promptly paid plaintiff $25,000, which was the limit of his uninsured motorist coverage.  However, plaintiff was a member of a class action lawsuit in which his insurance policy was reformed and the uninsured motorist coverage limit was increased from $25,000 to $100,000.  

Following the class action, plaintiff demanded $75,000, or the remainder of the policy limits from defendant.  In August 1988, defendant offered $40,000 in settlement, and in December of 1988, plaintiff made a counteroffer of $40,000 plus prejudgment interest.  When defendant failed to accept this counteroffer, it expired and plaintiff again made a demand for $75,000 plus prejudgment interest.  After plaintiff underwent a physical examination, defendant made an offer of $50,000 on June 21, 1989, which plaintiff declined.  Testimony at trial indicated that, shortly thereafter, defendant was given settlement authority in the amount of $75,000, which was not extended to plaintiff prior to arbitration. 

The arbitration hearing took place on January 3, 1990.  The panel assessed plaintiff's damages in the amount of $215,000 and found defendant liable for the $75,000 policy limit.    

In his complaint, plaintiff sought to recover attorney fees for the arbitration, arbitrator's fees and other litigation expenses, prejudgment interest, and 25% of the difference between the amount defendant offered in settlement and the amount plaintiff recovered via arbitration pursuant to section 155.

In its answer, defendant admitted plaintiff was a member of the class action, that the policy limits had been increased and that plaintiff demanded $75,000.  However, defendant sought to strike a portion of the pleadings as being argumentative and improperly pleading details of evidence.  The answer also admitted defendant had offered $40,000 on October 26, 1988, and that following arbitration it promptly paid the remaining $75,000 to plaintiff.  Defendant's answer denied breaching any duty to plaintiff and denied liability under section 155.

ANALYSIS

I

 Defendant first challenges the trial court's denial of its section 2-619 motion to dismiss and asserts that plaintiff's section 155 claim was a statutory penalty that was not brought within the applicable two-year statute of limitations.  Plaintiff argues that relief under section 155 does not constitute a "statutory penalty" for purposes of the two-year statute of limitations set forth in section 13-202 of the Code of Civil Procedure (735 ILCS 5/13-202 (West 1996)), and that the five-year statute of limitations applicable to "all civil actions not otherwise provided for" is appropriate in this case.  See 735 ILCS 5/13-205 (West 1996). 

A motion to dismiss under section 2-619 admits both the truth of the facts alleged in support of the claim and the legal sufficiency of the claim, but it raises an affirmative matter which it asserts defeats the claim.  
Barber-Colman Co. v. A&K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 603 N.E.2d 1215 (1992).  Here that affirmative matter is the statute of limitations.  

The statute of limitations that defendant claims should apply reads as follows:

"§5/13-202. Personal injury - Penalty.  Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, *** shall be commenced within 2 years next after the cause of action accrued ***."  735 ILCS 5/13-202 (West 1996).

At issue in defendant's motion to dismiss is whether section 155 constitutes a "statutory penalty," as defendant contends, or a remedial action, as plaintiff asserts.  This is an issue of first impression in Illinois; however, this court has previously addressed the factors to be considered when determining whether a statute constitutes a "statutory penalty" under Illinois law.

In 
McDonald's Corp. v. Levine
, 108 Ill. App. 3d 732, 439 N.E.2d 475 (1982), the court addressed whether the "civil remedies" provided for in the eavesdropping act (720 ILCS 5/14-1 (West 1996)) constituted statutory penalties for purposes of the statute of limitations in section 13-202.  The court found that the statute did not contain a statutory penalty but a codification of traditional common-law remedies.  
McDonald's
, 108 Ill. App. 3d at 738.  Although the statute at issue in 
McDonald's
 and facts involved are not analogous to the case at bar, the case provides important discussion of what constitutes a statutory penalty, or a penal statute, and what constitutes a remedial statute.  The opinion contrasts the two types of statutes as follows:

"A statute is a statutory penalty if it imposes automatic liability for a violation of its terms and the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff. [Citation.]  A statute is remedial when it gives rise to a cause of action to recover compensation suffered by the injured person. [Citation.]"  
McDonald's
, 108 Ill. App. 3d at 738.

The court further noted that a statute is remedial and not penal where it imposes liability only when actual damage results from a violation.  In such a case, liability is contingent upon damage being proven by the plaintiff.  Under a penal statute, liability is not contingent but imposed automatically when a violation of the statute is established.  
McDonald's
, 108 Ill. App. 3d at 738.

Applying the factors outlined in 
McDonald's
, we agree with the trial court's denial of defendant's motion to dismiss and find that section 155 does not constitute a statutory penalty. Therefore the two-year statute of limitations in section 13-202 does not apply.

First, section 155 does not impose automatic liability for a violation of its terms.  The statute reads as follows:

"§155. Attorney fees.  (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $25,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."  215 ILCS 5/155 (West 1996).

It is important to note that the court has discretion whether or not to assess the above attorney fees, costs and the additional amount provided for, as the statute contains permissive rather than mandatory language.  The statute does not 
require
 the court to provide such relief even in the face of the most unreasonable and vexatious delay by an insurance company in settling a claim, but permits the court to award such attorney fees, costs and the additional amount to be assessed against the offending insurance company at its discretion.  Therefore, there is no automatic liability under the statute as required for a statute to be considered a statutory penalty under 
McDonald's
.

The 
McDonald's
 court also states that a statute is a statutory penalty if the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff.  Again, under this prong of the 
McDonald
's analysis section 155 cannot be considered a statutory penalty.  The amount of attorney fees and costs that can be awarded is not predetermined by the statute, and the additional amount is limited, though not predetermined, by the statutory language.  

Further, as noted by plaintiff, defendant would not even be liable for the additional amount mentioned in the statute unless the amount of plaintiff's proven damages exceeded the amount defendant offered in settlement.  Thus there can be no liability under the statute without actual damages.  The 
McDonald's
 court, however, states a statute is a statutory penalty if liability can be imposed without actual damages.  This is not the case under section 155.

Under section 155, there is no automatic liability of a predetermined amount, and plaintiff must suffer actual damages in order for defendant to be liable for the additional amount mentioned in the act.  This statute cannot therefore be considered a penal statute under the 
McDonald's
 analysis.  Rather, it is remedial in nature, as liability is contingent on damage being proven by the plaintiff.  
McDonald's
, 108 Ill. App. 3d at 738.

Our conclusion that section 155 is not a statutory penalty is supported by its legislative history and purpose.  In 
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 675 N.E.2d 897 (1996), the Illinois Supreme Court discussed the background of section 155.  The court noted that the statute "provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable."  
Cramer
, 174 Ill. 2d at 520.  Before the statute was enacted, a policyholder's only recourse for such conduct was to seek a breach of contract action to receive policy proceeds, and attorney fees and punitive damages are generally not available in breach of contract actions.  
Cramer
, 174 Ill. 2d at 520.  The court noted that section 155 "created a limited statutory exception to this rule."  
Cramer
, 174 Ill. 2d at 521.  Though the supreme court noted the statute has expanded a plaintiff's relief to include reasonable attorney fees, costs and "a limited penalty," we do not believe the use of the word "penalty" in this context brings the entire statute under the realm of a statutory penalty for purposes of the two-year statute of limitations.  Indeed, the court explicitly noted that the purpose of the statute was to provide  "a remedy for insurer misconduct."  
Cramer
, 174 Ill. 2d at 520.  We agree with the court's analysis and find that it supports our determination that section 155 is remedial, rather than penal, in nature.

Accordingly, we affirm the trial court's denial of defendant's section 2-619 motion to dismiss and hold that section 155 does not constitute a "statutory penalty" for purposes of the two-year statute of limitations in section 13-202 of the Code of Civil Procedure.

II

Defendant next contends the trial court erred in finding that defendant was vexatious and unreasonable in not offering the remaining $75,000 in uninsured motorist coverage where the plaintiff produced no testimony that he would have accepted this amount in full settlement without payment of prejudgment interest.  Plaintiff counters that his demand for interest during early negotiations did not relieve defendant of its duty to offer the policy limits before the arbitration hearing.

In its ruling, the trial court noted that section 155 is not implicated as long as there is a 
bona fide
 dispute about coverage. 
See 
Bedoya v. Illinois Founders Insurance Co.
, 293 Ill. App. 3d 668, 688 N.E.2d 757 (1997).  The court determined there was such a dispute until June 28, 1989, when defendant assessed the liability at the remaining policy limits of $75,000 and increased settlement authority to that amount.  After that time, the issue was resolved in favor of plaintiff and any further delay in settling the claim became vexatious and unreasonable.  The court noted that because of this delay, plaintiff was "forced to go through all the pre-trial discovery preparation, the arbitration preparation and the arbitration itself."  The arbitration panel assessed plaintiff's damages at $215,000.

We reject defendant's contention that its failure to offer the full coverage amount in settlement in a timely and reasonable manner is excused by defendant's belief that plaintiff would not have accepted the offer anyway.  We find this argument unconvincing for a number of reasons.  Most significantly, whether plaintiff theoretically would have accepted an offer that did not include prejudgment interest is irrelevant because defendant never made the offer of $75,000 to plaintiff before subjecting plaintiff to unreasonable and vexatious delay.  In fact, defendant never offered $75,000 to plaintiff, either with or without prejudgment interest, prior to arbitration.  The trial court found defendant's conduct to be unreasonable and vexatious based on the failure to offer the $75,000 amount in a timely manner.  

In deciding whether an insurer is liable under section 155, a trial court should consider the totality of the circumstances, including the insurer's attitude.  
Buais v. Safeway Insurance Co.
, 275 Ill. App. 3d 587, 656 N.E.2d 61 (1995).  The trial court did so in the present case and determined plaintiff established unreasonable and vexatious delay.

A finding of vexatious and unreasonable conduct will not be disturbed absent a showing of abuse of discretion.  
Ragan v. Columbia Mutual Insurance Co.
, 291 Ill. App. 3d 1088, 684 N.E.2d 1108 (1997).  After a careful review of the record, we find the trial court's ruling is supported by the evidence and we affirm the judgment of the trial court in favor of plaintiff.

III

Finally, defendant contends the trial court improperly awarded plaintiff prejudgment interest in the amount of $7,968.75 pursuant to section 2 of the Illinois Interest Act (815 ILCS 205/2 (West 1996). Whether to award prejudgment interest is a matter within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion.  
Gray v. Mundelein College
, Nos. 1-97-0605, 1-97-0622 (May 6, 1998). In the present case, we do not find that the trial court has abused its discretion in the award of prejudgment interest to plaintiff.

Section 2 of the Interest Act provides, in relevant part, "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing."  815 ILCS 205/2 (West 1996).  The application of this statute to insurance policies was discussed in  
Couch v. State Farm Insurance Co.
, 279 Ill. App. 3d 1050, 1054, 666 N.E.2d 24 (1996).   "It is well established that an insurance policy is a 

written instrument covered by this statute. [Citations.] 

Accordingly, prejudgment interest may be recovered from the time money becomes due under the policy [citations] or after the lapse of a reasonable time for paying the amount due.   [citation].  The existence of a good-faith defense does not preclude recovery of interest. [Citation.]"  (Emphasis omitted.)  
Couch
, 279 Ill. App. 3d at 1054.

The 
Couch
 court noted that in order to recover for prejudgment interest, the sum due must be liquidated or subject to an easy determination by calculation or computation.  
Couch
, 279 Ill. App. 3d at 1054.  Defendant argues that in the case at bar, plaintiff's claim was not a matter of simple calculation.  We disagree.

The $75,000 needed to bring plaintiff's award up to the policy limits is the liquidated amount of damages from which the prejudgment interest can be easily calculated.  Defendant claims the award should be less because the trial court found defendant did not "breach a duty to settle" the claim until June of 1989, though the trial court awarded interest from January 1, 1988.  However, the fact that the amount of the award was in dispute during this time does not preclude the trial court from awarding prejudgment interest for that period.  
Central National Chicago Corp. v. Lumbermens Mutual Casualty Co.
, 45 Ill. App. 3d 401, 359 N.E.2d 797 (1977). 

We do not find the trial court abused its discretion by awarding prejudgment interest to plaintiff, and we affirm the trial court's decision.

IV

 Plaintiff also presents a counterclaim, alleging that the trial court erred in awarding fees in the underlying action that were "less than the amount of attorney fees actually paid by Marcheschi" and in denying plaintiff's petition for attorney fees in the instant action.

On October 12, 1996, plaintiff filed a petition for attorney fees in the underlying arbitration proceeding and in the instant action, along with a motion for prejudgment interest.  On October 24, 1996, plaintiff filed an amended motion asking the trial court to reduce its October 10 award from $25,000 to $18,750, consistent with the limitation in section 155.  The trial court granted the motion to amend the October 10 award and granted plaintiff $8,075 in attorney fees for work conducted from June 28, 1989, to the date the arbitration award was recovered.

On December 12, 1996, the trial court entered a final judgment order which maintained the award of limited attorney fees, denied plaintiff's motion for attorney fees in the present case, awarded prejudgment interest to plaintiff, and incorporated various other orders awarding costs under section 155.

Plaintiff contends the trial court's decision to award attorney fees only after the date it determined that defendant's conduct became vexatious and unreasonable was in error.  With regard to the award of attorney fees under section 155, considerable deference to the judgment and discretion of the court must be given; an increase or decrease of a fee award will be granted only if there has been a clear abuse of discretion.  
Mobil Oil Corp. v. Maryland Casualty Co.
, 288 Ill. App. 3d 743, 681 N.E.2d 552 (1997).  The award of attorney fees in the present case certainly falls within this discretion.  

As discussed above, section 155 permits the award of attorney fees and other costs by the trial court, but does not mandate such an award.  It follows that the amount of the fees to be granted is also not mandated and after a review of the totality of the circumstances, the trial court clearly has discretion to determine the appropriate amount.  

Likewise, the trial court is vested with the discretion to deny attorney fees for the instant action, and its determination to deny plaintiff's petition for fees must be upheld accordingly.

CONCLUSION

We find that the trial court properly determined that section 155 of the Insurance Code is not a statutory penalty and that the two-year statute of limitations in section 13-202 does not apply. We further find the trial court correctly determined that defendant unreasonably and vexatiously delayed the settlement of plaintiff's uninsured motorist claim under section 155 and that the award of prejudgment interest to plaintiff was proper.  

With regard to the cross-appeal, we find the trial court acted within its discretion in its award of limited attorney fees to plaintiff and in its denial of plaintiff's petition for fees in the present action.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

BUCKLEY, P.J., and GALLAGHER, J., concur.