NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 13, 2011
Decided May 23, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-2115

| | |
|---|---|
| SANTA'S BEST CRAFT, LLC, SANTA'S BEST, and H.S. CRAFT MANUFACTURING CO., *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 C 1342 |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *Defendant-Appellee.* | Robert W. Gettleman, *Judge*. |

**O R D E R**

This Court is once again asked to take up an insurance case about twinkling Christmas lights. The facts of the underlying dispute here are laid out in greater detail in *Santa's Best Craft, LLC v. St. Paul Fire & Marine Insurance Co.*, 611 F.3d 339, 343-45 (7th Cir. 2010), but for our purposes a brief summary will suffice. Santa's Best Craft (SBC) and JLJ, Inc. are in the light business. JLJ sued SBC for trademark infringement, false designation of origin, false advertising, trademark dilution and deceptive trade practices related to SBC's "Stay-On" lights. SBC asked its insurer, St. Paul Fire and Marine Insurance Company, to

provide a defense. JLJ and SBC eventually entered into a settlement agreement.  St. Paul claimed it had no duty to defend SBC. The district court held that St. Paul did in fact have a duty to defend, and St. Paul then paid hundreds of thousands of dollars to SBC. However, the district court also found that St. Paul was not obligated to reimburse SBC's settlement payment because SBC could not show that it settled a covered loss in reasonable anticipation of personal liability.  The only potentially covered loss was the amount of damages resulting from slogan infringement as part of JLJ's trade dress claim, and SBC could not allocate the amount of the settlement paid for covered claims and non-covered claims. For this reason, the district court declined to address whether the trade dress claims were actually covered. On appeal we concluded that allocation is not necessary and we directed the district court to consider on remand if the "'primary focus' of the claims that were settled was a potentially covered loss." *Id.* at 352. We also directed the district court to consider if SBC was owed interest on its litigation expenses.

On remand, the district court concluded that SBC failed to establish that a damages payment for the trade dress claims was the primary focus of the JLJ settlement. The district court also found that SBC was not owed interest on its litigation expenses. SBC appeals. We will affirm.

**I.**

When an insured settles the underlying lawsuit prior to a trial, the insurer need only indemnify the settlement payments made in reasonable anticipation of liability for damages covered under the policy. *U.S. Gypsum Co. v. Admiral Ins. Co.*, 268 Ill. App. 3d 598, 625 (1st Dist. 1994). Here, the district court concluded that the primary focus of the JLJ settlement was the trademark claim. We see no evidence to suggest that the district court's finding is clearly erroneous.

On remand, SBC presented only one piece of evidence that the trade dress claim was the primary focus of the JLJ settlement: the preliminary injunction prepared by the *JLJ* court. SBC's reliance on this document is puzzling, since the ruling focuses on the non-written elements of the two packages, not their slogans. Further, the *JLJ* court concluded that packages were distinct and that JLJ did not demonstrate "a strong likelihood of success on the merits of their trade dress claim." Because the *JLJ* court indicated that SBC faced little threat of liability on the trade dress claim, it follows that the potential infringement of slogan (as contained within the trade dress claim) was not the primary focus of settlement talks.

SBC was required to produce some other evidence that demonstrates SBC feared it would be found liable on the trade dress claim. SBC failed to do so. The district court

correctly noted that the only record evidence, the JLJ preliminary injunction, suggests that JLJ had a strong likelihood of prevailing only on its trademark claim, which is not a claim covered by the St. Paul policy. It stands to reason that this claim, and not the trade dress claim, was the primary focus of the settlement talks.

## II.

SBC also appeals the district court's denial of its motion for prejudgment interest. Illinois statute 815 ILCS 205/2 provides for prejudgment interest and the decision to award such interest is left to the discretion of the trial court. *Santa's Best*, 611 F.3d at 355. To recover prejudgment interest, the amount must be liquidated or otherwise subject to easy determination. *Marcheschi v. Ill. Farmers Ins. Co.*, 298 Ill. App. 3d 306, 314 (1st Dist. 1998). In this case, such interest was not liquidated, and therefore must be subject to easy determination in order to qualify.

The district court concluded that any such determination would not come easily. SBC has already asked for interest in a parallel action against another insurer, Zurich American Insurance company. The *Zurich* court denied prejudgment interest, and this decision was upheld on appeal. In *Santa's Best Craft, LLC v. Zurich American Insurance Co.*, 408 Ill. App. 3d 173, 191 (1st Dist. 2010), the court noted that calculating the amount of fees due would require a "lengthy evidentiary hearing . . . support[ing] the conclusion that the damages were not easily determined." The district court in the instant case found the *Zurich* court's decision to be sound and did not feel that determining damages would be any easier in the St. Paul action. Accordingly, the district court did not abuse its discretion in denying SBC's motion for prejudgment interest.

**AFFIRMED.**