(No. 26445.—

WILLIAM GNAT, Appellee, *vs.* GUY R. RICHARDSON *et al.*
Receivers, Appellants.

*Opinion filed January 20, 1942.*

FRANK L. KRIETE, CHARLES E. GREEN, and ARTHUR J.
DONOVAN, (JOHN R. GUILLIAMS, of counsel,) for appellants.

EPSTEIN & STEINBERG, (ABRAHAM MILLER and
MATTHEW STEINBERG, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

William Gnat brought suit against appellants as receivers of the Chicago Surface Lines in the circuit court of Cook county. The case was submitted to a jury and a verdict returned in favor of the plaintiff for $5000, upon which judgment was entered. Defendants filed a motion for judgment notwithstanding the verdict, which the court allowed. The plaintiff at the same time made a motion for a new trial, which was denied by the court and judgment entered in favor of the defendants. On appeal to the Appellate Court for the First District the judgment for the defendants, notwithstanding the verdict, was reversed and judgment in favor of the plaintiff entered for the sum of $5000 with interest from the date of the verdict. We have allowed a petition for appeal to this court.

Appellants (hereinafter called defendants) in their brief and argument state that no error is assigned upon the failure of the Appellate Court to remand the cause to the circuit court for consideration of a motion for new trial, and further that no motion for new trial was made by them, nor did they have any intention of filing a motion for new trial. The sole points raised on this appeal are that the Appellate Court erred in reversing the judgment of the trial court, because the evidence did not show that the plaintiff was in the exercise of due care for his own safety, and because the evidence did not fairly and reasonably tend to show that defendants were guilty of negligence as charged. This leaves for consideration only the question of whether the trial court was justified in setting aside the verdict and entering a judgment in favor of the defendants.

Upon appeal this court is limited in cases of this kind to a consideration of questions of law. The only question of law here involved is whether there was any evidence in favor of the plaintiff, which, standing alone and considered to be true, together with all of the legitimate inferences therefrom, tended to prove his cause of action. Under such

circumstances this court will not undertake to weigh conflicting evidence. *Goodrich* v. *Sprague,* 376 Ill. 80; *Walaite* v. *Chicago, Rock Island and Pacific Railway Co.* 376 id. 59; *Froehler* v. *North American Life Ins. Co.* 374 id. 17.

The plaintiff was riding, as a guest, in the back seat of an automobile traveling north on Damon avenue in the city of Chicago. Fourteenth street, running east and west, intersects Damon avenue about a half-block north of a subway running some three blocks south on Damon avenue, under the railroad tracks. Defendants operated street-car lines on Damon avenue and also on Fourteenth street, and cars coming from the north sometimes went south on Damon avenue, and sometimes turned to the east (left) at Fourteenth street. The bottom of the subway was somewhat lower than the level of the street where the street-car turned. The view to the east at Fourteenth street was obscured by a railroad embankment until the crossing was almost reached. Plaintiff, riding in the car of a friend on the night of May 15, 1938, was traveling north on Damon avenue. As it reached Fourteenth street a street-car of defendants was turning around the curve at that location, and a collision occurred in which the plaintiff was injured.

There were six charges of negligence stated in the complaint, but all of them were taken from the jury except the second and the fourth. The second charge was that the defendants failed to keep a proper lookout for other vehicles crossing Fourteenth street, and the fourth charge that defendants made a left turn without giving any warning, or sounding any bell or signal, and upon these issues the jury found a verdict in favor of plaintiff. The defendants argue there was no evidence to show that the plaintiff was in the exercise of due care. The evidence for the plaintiff shows that the automobile was proceeding north on the right side of the street at approximately twenty-five miles an hour, and that as it approached from the south there was nothing to indicate the street-car was going to turn to the left across Fourteenth street, and that,

as it came to the crossing, the street-car, which had stopped just north of the crossing, suddenly started around the left turn without any warning, resulting in a collision.

The plaintiff testified that he judged the automobile was going from 25 to 28 miles per hour, and that as he approached Fourteenth street he noticed a car coming south, and that as they came past the corner going to the center of the intersection the street-car, in turning, swung in front of them, and that just before the collision he noticed the driver of the car attempted to swerve to the right. Whether it is negligence to cross a street-car track at an intersection ahead of an approaching street-car is a question of fact for a jury. (*Loftus* v. *Chicago Railways Co.,* 293 Ill. 475; *Chicago Union Traction Co.* v. *Jacobson,* 217 id. 404.) The plaintiff stated he did not hear the street-car sound any bell or any warning.

The driver of the car testified he was on the right-hand side of Damon avenue, with the wheels of the automobile over the east rails of the track; that he was traveling from twenty-five to thirty miles per hour, and that there was no other traffic on the street; that as he approached Fourteenth street he saw the street-car moving south; it was just pulling up to stop; that he looked to the right to see if there was any traffic coming on Fourteenth street; that he slowed down slightly as he approached the crossing; that when he was about the middle of the intersection to Fourteenth street he saw the front of the street-car coming towards him; that he pulled to the right and stepped on the gas, but the left front of the street-car crashed into him while making a left turn; that the street-car did not sound any bell or warning of any kind.

There was other testimony tending to corroborate the plaintiff's version of the accident. It is likewise true that the defendants offered testimony, which, if believed by the jury, tended to show that the defendants were not negligent. Street-cars operating upon tracks have no superior right of way over other traffic at street intersections merely

because they use tracks. (*Swanson* v. *Chicago City Railway Co.* 242 Ill. 388.) A motorman on a street-car must exercise greater care at street intersections, and a failure to keep a proper lookout for other vehicles constitutes negligence. (*Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9; *Chicago City Railway Co.* v. *Tuohy,* 196 id. 410.) And the failure of a motorman on a street-car to give proper warning before making a left turn at a street intersection may constitute negligence. *Chicago City Railway Co.* v. *Tuohy, supra; Chicago City Railway Co.* v. *Fennimore, supra.*

It is not incumbent upon us to weigh the testimony for plaintiff against that of the defendants. To become a matter of law, justifying a judgment nothwithstanding the verdict, there must be no evidence tending to establish the plaintiff's case. We have not analyzed all of the evidence; that has been done in the opinion of the Appellate Court. The jury also found there was evidence to support the ground of negligence set out in the complaint. As pointed out above there is some evidence in the record justifying both the verdict of the jury and the finding of the Appellate Court. Under such circumstances we do not review the weight of the evidence bearing on both sides of the question, where the sole point involved is the ruling of the trial court upon a motion for judgment notwithstanding the verdict. There being no other questions of law involved, in view of the fact the record discloses some evidence supporting the plaintiff in the exercise of due care and showing negligence upon the part of the defendant, it necessarily follows that the judgment of the Appellate Court for the First District must be affirmed.

The judgment of the Appellate Court for the First District, reversing the judgment of the circuit court of Cook county and entering a judgment for the amount of the verdict, with interest from the date thereof, is affirmed.

*Judgment affirmed.*