THE FIRST NATIONAL BANK AND TRUST COMPANY OF BARRINGTON, Plaintiff-Appellee, *v.* ALUMINUM COIL ANODIZING CORPORATION, Defendant-Appellant.

Second District   No. 79-571

Opinion filed July 29, 1980.

Charles F. Marino, of Chicago, for appellant.

Michael C. Poper and Richard G. Flood, both of Zukowski, Zukowski, Poper and Rogers, of Crystal Lake, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, Aluminum Coil Anodizing Corporation, appeals from an

order of the circuit court of McHenry County which requires the defendant to pay interest on a judgment from the date the judgment was entered, August 19, 1975, to the date of satisfaction of said judgment. The only issue raised on appeal is whether a judgment creditor is entitled to post-judgment interest during the pendency of an appeal where the judgment creditor has appealed, the judgment debtor has cross-appealed, and we have previosly affirmed the judgment.

Section 3 of the Interest Act provides:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1975, ch. 74, par. 3.

The defendant argues that Illinois courts, as well as courts of other States, have uniformly held that interest will not be allowed during the pendency of an appeal where both the judgment creditor and the judgment debtor have appealed. In support of this position, defendant relies on *Kinne v. Duncan* (1944), 323 Ill. App. 363 (abstract). In *Kinne*, a judgment was entered against plaintiffs in favor of Duncan. Both parties appealed. However, as a result of the appeals, "substantial changes were made in the original decree, and in the main were adverse to the contentions made by Dick Duncan." The *Kinne* court held that interest should not run from the date of the first decree, but rather should run from the date of the decree rendered after the remandment.

The instant case is distinguishable from *Kinne* in several respects. Unlike the original decree in *Kinne*, which was changed substantially and "in very material matters was overruled," the judgment in this case was affirmed in all respects. Further, the provision of the Interest Act under which *Kinne* was decided was amended in 1955 to provide for the tolling of interest where the judgment debtor makes a tender of payment of judgment. This change in the statute led the court in *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, to hold that a judgment creditor has a right to interest from the date of the trial court judgment despite the fact that the judgment creditor appealed from that judgment.

The traditional theory for allowing interest is that an interest award is compensation for the improper retention of the creditor's money after judgment. (*Kinne*.) Therefore, a debtor who appeals the judgment

against him and loses owes interest from the date of the trial court's order, unless he has tendered payment. (Ill. Rev. Stat. 1975, ch. 74, par. 3; *Pinkstaff*, at 523-24.) However, under traditional theory, when the creditor appealed the inadequacy of the judgment, he was denied interest because the creditor's own act delayed payment of the judgment. (*Kinne*; *McGowan v. London & Lancashire Indemnity Co. of America* (1925), 237 Ill. App. 561, 569-70.) The supreme court held in *Pinkstaff* that the 1955 amendment to section 3 of the Interest Act eliminates this delay analysis and secures the right of the creditor to interest even if he appeals from the judgment; the tender provisions of section 3 specify the method for the debtor to stop the accrual of that interest—by tendering payment. (*Pinkstaff*, at 524-25.) After *Pinkstaff*, a creditor can obtain interest regardless of which party appeals. Logic requires that a creditor is entitled to interest as well if both parties appeal, unless the debtor makes the necessary tender.

A rule which would allow interest to a judgment creditor where either the judgment creditor or the judgment debtor appealed, but not where both appealed, would seem to encourage frivolous appeals by a judgment debtor to toll the running of interest where the judgment creditor appeals, seeking to correct errors in his favorable judgment.

The plaintiff asserts that it is entitled to interest at the rate of 6 percent from the time of the entry of judgment pursuant to section 3 of the Interest Act (Ill. Rev. Stat. 1975, ch. 74, par. 3), and that it is entitled to interest at the rate of 8% from October 1, 1977 when the amendment to section 3 of the Interest Act became effective. This argument does not appear to have been made in the trial court, and accordingly we shall not consider it. However, it should be noted that section 3 of Public Act 80-914, by which the interest rate was increased, provided that "This amendatory Act of 1977 applies to judgments entered after its effective date." See Ill. Ann. Stat., 1979 Supp., ch. 74, par. 3, comment, at 16 (Smith-Hurd Supp. 1980-81.)

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.