ROBERT E. DUFFEK, Plaintiff-Appellant, *v.* WILLIAM VANDERHEI,
Defendant-Appellee.—(STATE SECURITY INSURANCE COMPANY,
Garnishee-Defendant-Appellee.)

First District (2nd Division)    No. 80-3168

Opinion filed February 9, 1982.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz, of counsel), for
appellant.

Brody, Gore & Fineberg, Ltd., of Chicago (Timothy A. Kulp, of counsel), for
appellee State Security Insurance Company.

JUSTICE PERLIN delivered the opinion of the court:

In a jury trial plaintiff, Robert E. Duffek, obtained a $25,000 personal
injury verdict against defendant, William Vanderhei. Judgment was en-
tered on the verdict. The trial court subsequently granted defendant's
post-trial motion for judgment notwithstanding the verdict. On plaintiff's
appeal we reversed the judgment *n.o.v.* and remanded the cause with
directions to enter judgment for plaintiff. *Duffek v. Vanderhei* (1980), 81
Ill. App. 3d 1078, 1089, 401 N.E.2d 1145.

On remand the trial court, on June 9, 1980, entered judgment for
$25,000 for plaintiff. On June 11, 1980, the garnishee defendant, State
Security Insurance Company, the insurance carrier for defendant, ten-
dered to plaintiff a check in the amount of $25,843.04. This figure rep-
resented the principal on the judgment, interest from the date of the

original judgment (April 27, 1978) to the date that judgment was vacated and judgment *n.o.v.* was ordered (August 31, 1978), and interest from the date judgment was rendered pursuant to this court's mandate (June 9, 1980), plus certain costs. Plaintiff refused the tender because it did not include interest for the period during which the judgment was vacated.

Plaintiff filed a garnishment action against State Security, and a petition to compel the payment of interest which he claimed was due during the pendency of the appeal of the trial court's judgment *n.o.v.* The petition sought $3,385.89 in interest. After a hearing, the trial court ruled that it did not have jurisdiction to modify or alter this court's mandate by adding prejudgment interest to the judgment and denied plaintiff's petition.

Plaintiff appeals presenting the following question for our review: when a judgment notwithstanding the verdict is reversed and remanded with directions to enter judgment on the jury's verdict, does interest on that judgment accrue from the date of the jury's verdict? Resolution of this question turns on the proper interpretation of section 3 of the Illinois Interest Act. Ill. Rev. Stat. 1977, ch. 74, par. 1 *et seq.*

Section 3 provides, in part:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the judgment until satisfied, * * *. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1977, ch. 74, par. 3.

Under section 3 interest accrues on a jury verdict from the date of the verdict. (*Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 138, 39 N.E.2d 1012.) It is mandatory upon the trial court to ascertain the interest accruing upon a verdict and include it in the judgment even though there may be a lengthy delay between the return of the verdict and entry of judgment thereon. *Schmidt; Piper v. Epstein* (1945), 326 Ill. App. 400, 414-15, 62 N.E.2d 139; *Reitz v. Yellow Cab Co.* (1928), 248 Ill. App. 287, 296-97.

In *Gnat v. Richardson* (1941), 311 Ill. App. 242, 35 N.E.2d 409 (abstract), the jury returned a verdict in plaintiff's favor in the amount of $5,000. Judgment was entered upon the verdict. The trial court thereafter granted defendants' motion for judgment notwithstanding the verdict and plaintiff appealed. The appellate court reversed the judgment *n.o.v.* and entered judgment for plaintiff in the amount of $5,000 "together with

interest at the rate of 5% per annum from the date of the verdict, * * *." On defendants' appeal the supreme court affirmed the appellate court in the following language: "The judgment of the [a]ppellate [c]ourt * * * reversing the judgment of the circuit court * * * and entering a judgment for the amount of the verdict, with interest from the date thereof, is affirmed." *Gnat v. Richardson* (1942), 378 Ill. 626, 630, 39 N.E.2d 337.

While garnishee defendant contends that *Gnat* "never addressed the issue of interest" and "provides no guidance as to the interest question," our review of later cases interpreting *Gnat* indicates otherwise. In *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, the court, citing *Gnat*, stated that "interest accrues from the date of the award [verdict], notwithstanding that at an intermediate level of review the award was overturned and on further review reinstated." (50 Ill. 2d 7, 9-10.) Again, in *Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237, 347 N.E.2d 136, the court said, "[t]his court has * * * held that interest accrued from the date of verdict (*Gnat v. Richardson*, 378 Ill. 626), * * * notwithstanding that at an intermediate level of review [the verdict was] overturned and on further review reinstated." 63 Ill. 2d 237, 240-41.

■■ We believe that *Gnat*, as it has been interpreted by the supreme court, is dispositive of the issue presented in this appeal and requires reversal of the trial court's order. Moreover, we find no support for garnishee defendant's position either in *Freeman v. Leader Mercantile Co.* (1943), 318 Ill. App. 224, 47 N.E.2d 516 (abstract), or in the interpretation Federal courts have given the Federal interest statute (28 U.S.C. §1961 (1976)). (See *Briggs v. Pennsylvania R.R. Co.* (2d Cir. 1947), 164 F.2d 21, *aff'd without consideration of this point* (1948), 334 U.S. 304, 92 L. Ed. 1403, 68 S. Ct. 1039.) We have examined the full text of the abstract opinion in *Freeman* and note that the court did not discuss the issue presented in this appeal.

The Federal interest statute provides, in part, that interest "shall be calculated from the date of the entry of judgment, * * *." The statute does not, on its face, allow interest from the date of a verdict. (But see Annot., 1 A.L.R.2d 479 (1948), and cases collected therein.) More significantly, Rule 37 of the Federal Rules of Appellate Procedure states that "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." The Federal rule "apparently gives Federal appellate courts considerable discretion in determining the date from which interest accrues, which discretion is not expressly authorized in the Illinois statute." *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48, 54, 386 N.E.2d 1180; see also *People ex rel. Holland v. Halprin* (1975), 30 Ill. App. 3d 254, 256, 332 N.E.2d 501.

The result we reach in this case is compatible with the legislative philosophy behind section 3 of the Interest Act which is intended to "make the plaintiff whole." (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 525, 202 N.E.2d 512; *First National Bank & Trust Co. v. Aluminum Coil Anodizing Corp.* (1980), 86 Ill. App. 3d 842, 844, 408 N.E.2d 477.) A party in whose favor a verdict for damages has been awarded should not be deprived of the use of his money during the pendency of an appeal necessitated by the trial court's erroneous granting of judgment notwithstanding the verdict.

■■ In the case at bar, defendant could have avoided the accrual of interest while the first appeal was pending by tendering payment of the jury's verdict to plaintiff. Garnishee defendant's argument that no tender was possible because defendant was not, at the time of the appeal, a "judgment debtor" as that term is used in section 3 of the Interest Act, is without merit.

> "Obviously a judgment debtor who terminates the accrual of interest in the manner provided in the statute runs the risk that even though he prevails in his appeal, the appellee will have dissipated the funds and he will be unable to effect recovery of the sums paid. There is nothing in the statute to prevent [a nondebtor] appellee from taking the same risk * * *." *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 9.

For the foregoing reasons, the order of the trial court denying plaintiff's petition for interest from the date of the original judgment on the verdict is reversed and the cause is remanded to the trial court with directions to award plaintiff all interest accruing on the jury's verdict from the date of that verdict (April 27, 1978) to the date garnishee defendant tendered payment of the judgment (June 11, 1980), less any interest garnishee defendant has already paid plaintiff.

Reversed and remanded with directions.

DOWNING and HARTMAN, JJ., concur.