# Illinois Official Reports

## Appellate Court

---

### *Stanphill v. Ortberg*, 2020 IL App (2d) 190769

---

| | |
|---|---|
| Appellate Court Caption | ZACHARY STANPHILL, as Administrator of the Estate of Keith Stanphill, Deceased, Plaintiff-Appellant, v. LORI ORTBERG, Individually, and as an Agent of Rockford Memorial Hospital, d/b/a Rockford Memorial Health Systems, and ROCKFORD MEMORIAL HOSPITAL, d/b/a Rockford Memorial Health Systems, Defendants-Appellees. |
| District & No. | Second District<br>No. 2-19-0769 |
| Filed | April 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 14-L-35; the Hon. Donna R. Honzel, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Lori A. Vanderlaan and James F. Best, of Best, Vanderlaan & Harrington, of Naperville, for appellant.<br><br>Hugh C. Griffin, of Hall Prangle & Schoonveld, LLC, and Laura G. Postilion, of Quintairos, Prieto, Wood & Boyer, P.A., both of Chicago, for appellees. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Jorgenson and Bridges concurred in the judgment and opinion.

## OPINION

¶ 1   The plaintiff, Zachary Stanphill, as administrator of the estate of his deceased father, Keith Stanphill (Keith), obtained a general jury verdict of $1,495,151 against the defendants, Lori Ortberg and Rockford Memorial Hospital. Based on the jury's response to a special interrogatory, however, the circuit court of Winnebago County overturned the general verdict and entered judgment in the defendants' favor. On appeal, this court reversed the trial court's judgment and remanded with instructions to enter judgment for the plaintiff on the general verdict. *Stanphill v. Ortberg*, 2017 IL App (2d) 161086 (*Stanphill I*), *aff'd*, 2018 IL 122974. On remand, the plaintiff sought interest on the judgment, accruing from the date the jury returned its general verdict. The trial court, however, found that interest started accruing on the date this court entered its judgment. The plaintiff appeals from the trial court's order. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3   In 2005, Ortberg performed a suicide screening of Keith and determined that he was not at imminent risk of harming himself. Nine days after that screening, Keith killed himself. The plaintiff filed a wrongful death and survival action against Ortberg and Rockford Memorial Hospital, her employer. On June 2, 2016, following a jury trial, the jury returned a general verdict in the plaintiff's favor and awarded $1,495,151 in damages. The jury, however, also answered in the negative a special interrogatory that asked whether Ortberg could reasonably foresee that Keith would commit suicide nine days after his meeting with her. The trial court overturned the general verdict and entered judgment in the defendants' favor, based on the special interrogatory answer.

¶ 4   On October 31, 2017, we reversed the trial court's decision and remanded with directions that the trial court enter judgment for the plaintiff on the $1,495,151 general verdict. *Id.* On December 28, 2018, the Illinois Supreme Court affirmed this court's decision. *Stanphill v. Ortberg*, 2018 IL 122974.

¶ 5   On May 2, 2019, the plaintiff filed a motion for entry of judgment against the defendants in an amount that included interest accruing from June 2, 2016—the date on which the jury had returned the general verdict for the plaintiff. The defendants responded that interest should not begin to accrue until October 31, 2017—the date on which this court ordered the entry of judgment on the general verdict. On August 6, 2019, following a hearing, the trial court found that the interest did not accrue until October 31, 2017, because that was the first time that any court had ordered the entry of judgment on the general verdict. Accordingly, the trial court entered judgment in favor of the plaintiff on the general verdict and also awarded interest accrued from October 31, 2017, in the amount of $155,544.18. The trial court further found that the defendants had satisfied the entire judgment. The plaintiff thereafter filed a timely notice of appeal.

II. ANALYSIS

¶ 7     On appeal, the sole issue that we are confronted with is whether interest began to accrue on the date the jury returned the general verdict in favor of the plaintiff or the date this court ordered the entry of judgment on the general verdict. This issue is governed by section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2018)), which provides in pertinent part:

> "When judgment is entered upon any award, report or verdict, interest shall be computed *** from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. *** The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment."

¶ 8     When reviewing a statute, the cardinal rule is to ascertain and give effect to the intent of the legislature. The plain meaning of the language in the statute provides the best indication of legislative intent. "Where the statutory language is clear, the court must give it effect without resorting to other aids of construction." *Puleo v. Topel*, 368 Ill. App. 3d 63, 67 (2006).

¶ 9     Our supreme court has determined that the purpose of section 2-1303 is to "preserve[ ] the value of the liquidated obligation by compensating the judgment creditor for delays in payment." *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 295 (1993). In other words, "interest is neither a penalty nor a bonus, but instead a preservation of the economic value of an award from diminution caused by delay." *Id.* at 301. Further, the application of interest under section 2-1303 is mandatory, so a trial court has no discretion to refrain from imposing interest upon a money judgment. *Browning, Ektelon Division v. Williams*, 348 Ill. App. 3d 830, 833 (2004).

¶ 10     We first consider whether the jury's general verdict constituted a verdict for purposes of section 2-1303. In answering this question, we find instructive our supreme court's decision in *People v. Almo*, 108 Ill. 2d 54 (1985). There, the defendant was charged with murder. The trial court submitted verdict forms to the jury on both murder and voluntary manslaughter. *Id.* at 60. The trial court instructed the jury that, if it found the defendant guilty on one of those charges, it " 'need' " not return a verdict on the other charge. *Id.* at 61. The jury then returned verdicts finding the defendant guilty of both charges. *Id.* Determining that the jury's verdicts were inconsistent, the trial court did not accept them. Instead, the trial court told the jury to continue its deliberations and instructed that if it found the defendant guilty of one of the charges, it "must" not return a verdict on the other charge. *Id.* The jury then returned a verdict of guilty on the charge of murder, and the trial court accepted it. The defendant appealed, arguing that the trial was over the moment the verdict forms were returned by the jury with the word "guilty" written on the voluntary-manslaughter verdict form and that anything that took place thereafter was a nullity. *Id.* at 63.

¶ 11     On review, the supreme court rejected the defendant's argument as contrary to Illinois law. The supreme court explained:

> " 'The finding of a jury does not become a verdict until it has been received, accepted by the court and entered of record [Citations.]' (*People v. Wilson*[, 51 Ill. 2d 302, 309 (1972)].) The principle of *People v. Wilson* applies to this case. The trial judge is responsible for the conduct and progress of the trial through all of its stages, from pretrial through final recording of the verdict. When the jury has reached a *verdict*, the

jury foreman tenders the verdict forms to the trial judge. It is then his duty to review the *verdict* and to determine whether it is proper in both form and substance. In this case, the trial judge received the *verdicts* and, upon reading them, realized that the convictions of murder and voluntary manslaughter were inconsistent." (Emphases added.) *Id.*

The supreme court concluded that the trial court properly had the jury continue its deliberations and that the trial court's acceptance of the eventual murder verdict was not improper. *Id.* at 64.

¶ 12    From *Almo*, we learn two things. First, as the *Almo* court explicitly states, the jury's finding is not a verdict until the trial court accepts it. *Id.* at 63. Second, the jury's finding that leads to a verdict is often referred to as a verdict as well. See *id.* However, the fact that a jury's finding may be referred to as a verdict does not make it a verdict in the sense that it has been received and accepted by the trial court and entered of record. *Id.*

¶ 13    Here, the jury returned a general verdict in the plaintiff's favor. However, since the trial court did not accept it, it did not become a verdict. See *id.* Thus, interest did not begin to accrue until October 31, 2017, when this court reversed the trial court's decision and remanded with directions to enter judgment for the plaintiff on the general verdict. The trial court therefore properly determined that interest did not begin to accrue until October 31, 2017.

¶ 14    We note that our determination is consistent with the decision of the Appellate Court, Third District, in *Owens v. Stokoe*, 170 Ill. App. 3d 179 (1988) (*Owens II*). There, the jury returned a verdict in the plaintiff's favor for $40,000. *Owens v. Stokoe*, 140 Ill. App. 3d 355, 356 (1985) (*Owens I*), *aff'd*, 115 Ill. 2d 177 (1986). However, the jury also determined that the plaintiff was 75% contributorily negligent. *Id.* As such, the trial court entered judgment in the plaintiff's favor for $10,000. *Id.* On appeal, the *Owens I* court reversed the contributory negligence finding and entered judgment of $40,000 for the plaintiff. *Id.* at 361. On remand, the trial court ruled that the plaintiff was entitled to interest on the entire $40,000 from the time of the original jury verdict. *Owens II*, 170 Ill. App. 3d at 181. The *Owens II* court reversed that ruling, determining that, when an appellate court increases an award granted in a trial court, "interest on the increased portion of the award is available only after the appellate court or the trial court on remand enters judgment." *Id.*

¶ 15    We also determine that all of the cases the plaintiff relies upon are distinguishable from the case at bar. In those cases, there was a verdict accepted by the trial court with judgment entered thereon or an award to the plaintiff ordered by a court, an arbitrator, or another adjudicatory body. See *Illinois State Toll Highway Authority*, 157 Ill. 2d at 299 (interest began to accrue when trial court incorporated jury's verdict into its judgment order); *Wirth v. Industrial Comm'n*, 63 Ill. 2d 237, 241 (1976) (interest began to accrue when arbitrator filed his decision, and it did not stop when award was set aside under the Workmen's Compensation Act's intermediate review procedures but reinstated after appeal to the supreme court); *Proctor Community Hospital v. Industrial Comm'n*, 50 Ill. 2d 7, 9-10 (1971) (interest began to accrue when Industrial Commission awarded compensation to the petitioner, and it did not stop when the trial court set the award aside and trial court's decision was later set aside by the supreme court); *Gnat v. Richardson*, 378 Ill. 626, 627 (1942) (interest began to accrue on jury verdict when trial court entered judgment in favor of plaintiff, and it did not stop when trial court granted the defendant a judgment *n.o.v.* that was subsequently reversed on appeal); *Duffek v. Vanderhei*, 104 Ill. App. 3d 422, 425 (1982) (same).

¶ 16    Relying on *Duffek*, the plaintiff next contends that we should find that interest began to accrue when the jury rendered its general verdict because the defendants had the opportunity to pay the amount of the verdict and preclude the accrual of interest. *Duffek*, 104 Ill. App. 3d at 425. However, we have already found *Duffek* distinguishable because there the trial court did accept the jury's verdict. See *id.* at 422.

¶ 17    We also reject the plaintiff's argument that, to stop the accrual of interest, the defendants should have tendered payment to him immediately after the jury returned its finding of liability because the defendants should have reasonably foreseen that this court would reverse the trial court's decision. We believe that requiring the defendants to anticipate the reversal of a judgment in their favor is a difficult and unfair burden to impose upon them. See *Owens II*, 170 Ill. App. 3d at 183 (it would be inequitable to expect the defendant to tender payment to cover a nonexistent judgment). Further, imposing that burden on the defendants would be particularly inappropriate in this case, where there were conflicts in the existing case law as to whether the special interrogatory the trial court gave the jury in *Stanphill I* was proper. The conflict in authority at the time is evident from the supreme court's decision to review our opinion in *Stanphill I*. See Ill. S. Ct. R. 315 (eff. Oct. 1, 2019) (supreme court has discretion to grant petitions for leave to appeal and will do so if it believes there are conflicts of decisions of the Illinois Appellate Court that need to be addressed). As both this court and the supreme court found that the underlying law was not clear and that the plaintiff's argument was not clearly meritorious, it would not be reasonable for the defendants to anticipate that the trial court's decision in *Stanphill I* would be reversed.

¶ 18                                   III. CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

¶ 20    Affirmed.