2022 IL App (1st) 210803

THIRD DIVISION
August 31, 2022

No. 1-21-0803

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| 4220 KILDARE, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 10 L 010065 & |
| | ) | 16 L 010618 |
| | ) | |
| REGENT INSURANCE COMPANY, | ) | Honorable |
| | ) | Thomas R. Mulroy, |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, 4220 Kildare, LLC (Kildare), was the owner of a refrigerated warehouse building in Chicago. Kildare made a claim on the all risk insurance policy provided by Kildare's insurer, defendant, Regent Insurance Company (Regent), after sustaining damage to the concrete floor of the building. Regent denied the claim, asserting that the damage was excluded under the policy's "earth movement" exclusion. The case proceeded to a jury trial, at which evidence was presented showing that a door to one of the freezer rooms was left open over a long weekend and, as a result, several inches of frost and ice covered the ceiling and refrigeration coils. Kildare hired a refrigeration contractor to remove the ice, and during the removal process, dripping water

penetrated cracks in the floor, saturated the insulation underneath, and subsequently caused heaving of the concrete floor. There was also evidence presented at trial that, even if the floor had not heaved, it was necessary for the damaged and saturated insulation to be replaced, which could not be accomplished without demolishing the floor.

¶ 2 The jury found that the earth movement exclusion did not apply and returned a verdict in favor of Kildare for $544,366. The trial court entered judgment on the jury verdict the same day—June 7, 2018—but subsequently granted Regent's motions for judgment notwithstanding the verdict and for a directed verdict and vacated the jury verdict, concluding that the exclusion barred coverage. In a prior appeal, this court reversed the trial court's judgment, concluding that the evidence presented, when considered in the light most favorable to Kildare, supported a conclusion that damage to the insulation was a separate and covered loss prior to the later floor heaving. *4220 Kildare, LLC v. Regent Insurance Co.*, 2020 IL App (1st) 181840, ¶ 39. Because the damage to Kildare's floor was vested and compensable prior to any later loss that could have been excluded, we remanded the matter with directions to reinstate the jury verdict and to consider Kildare's motion for prejudgment interest, which the parties agreed was denied by the circuit court in light of its decision to grant a directed verdict in favor of Regent. *Id.* ¶¶ 48-51.

¶ 3 This appeal concerns the subsequent proceedings on remand. Specifically, the record shows that following the prior appeal, Kildare filed a "Renewed Amended Motion for Pre-Judgment Interest and Post-Judgment Interest." Kildare explained that the Interest Act permits an award of prejudgment interest at the rate of 5% per year "for all moneys after they become due on *** [an] instrument of writing" (815 ILCS 205/2 (West 2018)), which it maintained included an insurance policy. Kildare asserted that prejudgment interest should run from Regent's denial of coverage on August 14, 2009, until the June 7, 2018, jury verdict and contended that "the total

balance due with pre-judgment interest as of the date of the judgment would be $837,907.80." Kildare additionally argued that, pursuant to section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2020)), it was entitled to 9% postjudgment interest from the date of the jury verdict, and that "[t]he base rate with prejudgment interest is $837,907.80 which at 9% would accrue to $1,088,135.56 as of June 8, 2018."

¶ 4     On June 3, 2021, Regent filed a "Brief in Opposition" to Kildare's request for prejudgment and postjudgment interest. Regarding prejudgment interest, Regent argued that Kildare "waived any argument for pre-judgment interest" because Kildare did not give the trial court the "opportunity to rule on [its] request for pre-judgment interest" prior to the earlier appeal. Regent also alleged that prejudgment interest was not appropriate "because the sum due is not liquidated." Regent argued that "even [Kildare] was not certain of the amount" of damages, noting that Kildare claimed different amounts in its two "Proof of Loss" statements and, then later, at trial. Regent also pointed to the "disparity in the amounts sought by [Kildare] and the amount actually granted to [Kildare] by the jury," which showed that the " 'sum due' was not certain and, thus, pre-judgment interest [wa]s inappropriate." Finally, Regent argued that the terms of the parties' contract—the insurance policy—stated that Regent's obligation to pay accrued only after an agreement by the parties or an award.

¶ 5     As to postjudgment interest, Regent asserted that the trial court vacated the jury verdict and entered judgment in favor of Regent. Although that judgment was reversed on appeal, Regent asserted that postjudgment interest could not begin to accrue until the judgment was entered in favor of Kildare following the appeal, which had not yet occurred. Accordingly, Regent argued that postjudgment interest was "inappropriate."

¶ 6        The parties appeared before the trial court on June 21, 2014. The trial court expressed some confusion about the status of the case, noting that it was unaware that the judgment had been reversed. Counsel for the parties confirmed that the judgment was reversed and the case was remanded for reinstatement of the jury verdict and for consideration of Kildare's prejudgment interest motion. Counsel for Kildare also explained that the parties disputed when postjudgment interest began to accrue. Kildare's position was that interest "start[ed] running from the date of the original jury verdict," while Regent contended that no postjudgment interest applied where the jury verdict had been set aside. The court explained that it "agree[d]" with Regent that no postjudgment interest accrued until the trial court reinstated the jury verdict following the appeal and denied Kildare's request for postjudgment interest.

¶ 7        Turning to the question of prejudgment interest, Regent argued that the damages were not liquidated and, accordingly, no prejudgment interest applied. Counsel for Kildare acknowledged that "the question of damages was hotly contested," but argued, nonetheless, that the sum was "easily computable." The court questioned counsel for Kildare, asking "[a]nd you computed it one way and the jury computed it another, right?" Counsel for Kildare responded that the "jury verdict was reduced by the amount of damages attributable to the earth movement" but that Regent "did not put on any testimony or evidence to contradict what [Kildare] set forth were the damages." Counsel for Regent argued the fact that the jury's award was different than what Kildare requested was a strong indication that the sum due was not easily determined. Counsel for Regent further noted that Kildare never alleged "bad faith, vexatious delay, or anything like that" and that, based on the "entirety of the case, prejudgment interest is not appropriate here."

¶ 8        After hearing the above arguments of the parties, the court denied the motion for prejudgment interest. That same day, June 24, 2021, the court entered a written order reinstating

the jury verdict of June 7, 2018, "as of today's date," and denying Kildare's motions for prejudgment and postjudgment interest.

¶ 9    Kildare filed a timely notice of appeal on July 9, 2021. In this court, Kildare contends that the trial court erred in determining that it was not entitled to prejudgment and postjudgment interest. We will first consider the trial court's denial of prejudgment interest.

¶ 10    Kildare contends that pursuant to section 2 of the Interest Act (815 ILCS 205/2 (West 2020)), Regent owes prejudgment interest at the rate of 5% per year since the date of Regent's denial of Kildare's claim on August 14, 2009, and that the court erroneously denied prejudgment interest based on an incorrect understanding that "prejudgment interest should be denied because the jury came back with an award different than the highest sum demanded." Regent responds that the trial court's denial of prejudgment interest was correct because the amount due was not clear and easily computable as of 2009.[1]

¶ 11    An award of prejudgment interest is appropriate where it is "authorized by statute, agreement of the parties[,] or warranted by equitable considerations." *Tully v. McLean*, 409 Ill. App. 3d 659, 684-85 (2011). Here, Kildare requested prejudgment interest pursuant to section 2 of the Interest Act (815 ILCS 205/2 (West 2020)). That section provides, in relevant part, that, "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys

---

[1] We note that a substantial portion of Regent's response brief is devoted to arguing the merits of the prior appeal and why this court erred in our prior decision regarding the viability of Kildare's "separate loss" theory based on initial damage to the insulation. Essentially, Regent appears to be arguing that prejudgment and postjudgment interest were properly denied because the judgment for Regent should not have been reversed in the first place. We considered and rejected Regent's arguments in the prior appeal, and Regent's petition for leave to appeal to the supreme court was denied. We decline Regent's invitation to revisit those issues in this appeal. See *Turner v. Commonwealth Edison Co.*, 63 Ill. App. 3d 693, 698 (1978) ("Courts will not permit parties to relitigate the merits of an issue once decided by an appellate court[;] the proper remedy for a dissatisfied party is by petition for rehearing or by petition for leave to appeal to the Illinois Supreme Court."); *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 414 (1970) ("A second appeal brings up nothing except proceedings subsequent to the remandment ***." "[A]ny errors sought to be assigned *** in connection with any proceedings prior to the filing of the mandate after appeal will not be considered by this court.").

after they become due on any *** instrument of writing; *** and on money withheld by an unreasonable and vexatious delay of payment."

¶ 12     Initially, the parties dispute the proper standard of review. Regent contends that we should review the circuit court's decision to award prejudgment interest for an abuse of discretion. See *United States Fidelity & Guaranty Co. v. Alliance Syndicate, Inc.*, 286 Ill. App. 3d 417, 420 (1997) ("The decision whether to award prejudgment interest is within the circuit court's sound discretion, subject to reversal only upon abuse of discretion."). Kildare acknowledges that the abuse of discretion standard is "typical[ly]" used to review awards or denials of prejudgment interest, but contends that a *de novo* standard should apply here because the appeal concerns the application of law to undisputed facts. See *Chandra v. Chandra*, 2016 IL App (1st) 143858, ¶ 46 (when the facts show that there is no dispute about the existence of a fixed debt on a written instrument, reviewing courts apply *de novo* review because only issues of law are involved). Whether the abuse of discretion or *de novo* standard of review should be applied here is a question we need not answer, as we conclude that the trial court did not err, regardless of the standard of review applied.

¶ 13     An insurance policy is an instrument of writing covered by the Interest Act. *New Hampshire Insurance Co. v. Hanover Insurance Co.*, 296 Ill. App. 3d 701, 708 (1998); *Couch v. State Farm Insurance Co.*, 279 Ill. App. 3d 1050, 1054 (1996). However, for a party to recover prejudgment interest, the amount due must be liquidated or subject to an easy determination. *Couch*, 279 Ill. App. 3d at 1054; *Certain Underwriters at Lloyd's, London v. Abbott Laboratories*, 2014 IL App (1st) 132020, ¶ 71; *New Hampshire Insurance Co.*, 296 Ill. App. 3d at 709 ("[I]f the amount [due] is determinable, interest can be awarded on money payable even when the claimed right and the amount due require legal ascertainment."); *Spagat v. Schak*, 130 Ill. App. 3d 130, 137 (1985) ("the amount due [must] be a fixed or easily ascertainable amount"); *Cushman & Wakefield*

*of Illinois, Inc. v. Northbrook 500 Limited Partnership*, 112 Ill. App. 3d 951, 963 (1983) (amount due must be a "fixed amount or easily computed"). A claim is unliquidated "[i]f judgment, discretion, or opinion, as distinguished from calculation or computation is required to determine the amount of the claim." (Internal quotation marks omitted.) *Certain Underwriters at Lloyd's, London*, 2014 IL App (1st) 132020, ¶ 71.

¶ 14    Although Kildare conclusively argues that the jury award could be easily computed, it does not provide any explanation of what that calculation would be. Kildare simply argues that Kildare's decision not to contest the damage amount in the initial appeal means that the award is "law of the case," which Regent "cannot deny." The question, however, is not whether the amount due was easily ascertainable at the time of the jury verdict but rather whether it was liquidated at the time it became due. 815 ILCS 205/2 (West 2020)); *Couch*, 279 Ill. App. 3d at 1054.

¶ 15    Here, the trial court denied prejudgment interest, and the record supports the conclusion that the amount due was not liquidated or easily computable. At trial, Kildare requested damages in the amount of $739,106. Ultimately, the jury awarded $544,366 in damages. Given the disparity between the amount claimed by Kildare and the amount determined to be due by the jury, the court correctly determined that the amount due was not liquidated or easily computed as of Regent's August 2009 denial of coverage. See *Couch*, 279 Ill. App. 3d at 1055 (finding that the fact that the plaintiff claimed $270,670 in his proof of loss but the jury awarded $35,000 "serves as a strong indication that the amount of damages was not readily ascertainable"); *Lyon Metal Products, L.L.C. v. Protection Mutual Insurance Co.*, 321 Ill. App. 3d 330, 348 (2001) ("The large difference between what [the plaintiff] claimed in business interruption loss, what [the defendant] calculated that loss to be, and what the jury ultimately awarded is a strong indication that the sum due *** was not easily determined.").

7

¶ 16    Kildare next contends that prejudgment interest is appropriate because Regent acted in a "vexatious and unreasonable" manner by "refusing to agree with no reasonable basis to contest the damages." As set out above, in addition to providing prejudgment interest on an instrument of writing as detailed above, the Interest Act also permits an award of prejudgment interest on money "withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2 (West 2020).

¶ 17    Kildare, however, never alleged that Regent's conduct was "vexatious and unreasonable" in the trial court. Because Kildare did not raise this argument below, Kildare cannot raise it for the first time on appeal. See *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 41 (issues not raised in the circuit court may not be raised for the first time on appeal); *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 24 ("Arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal").

¶ 18    Because we conclude that the trial court properly denied prejudgment interest based on the amount not being liquidated or easily computable, we need not consider Regent's alternative argument, that the terms of the insurance policy preclude prejudgment interest.

¶ 19    We next consider the trial court's denial of postjudgment interest. Section 2-1303 of the Code of Civil Procedure (Code) provides that interest at the rate of 9% per annum commences to run on a judgment entered upon any award, report, or verdict from the date when the award, report, or verdict is made or rendered. 735 ILCS 5/2-1303 (West 2020).[2] "The purpose of awarding interest on a judgment until it is paid is to make the successful plaintiff whole because prior to

---

[2] This court is aware that this section recently was found unconstitutional by the Circuit Court of Cook County. *Hyland v. Advocate Health & Hospitals Corp.*, No. 2017-L-003541 (Cir. Cr. Cook County, May 27, 2022). That case, however, is not precedential to this court (see *Delgado v. Board of Election Commissioners of the City of Chicago*, 224 Ill. 2d 481, 488 (2007) ("Under Illinois law, the decisions of circuit courts have no precedential value.")) and is not relevant in any event. Unlike here, the *Hyland* case concerns an amendment to section 2-1303 that allows prejudgment interest to accrue beginning at the time of the initiation of all actions seeking damages for personal injury or wrongful death caused by negligence, willful and wanton misconduct, intentional conduct, or strict liability.

payment he was denied access to the funds defendant owed him." *Overlin v. Windmere Cove Partners, Inc.*, 325 Ill. App. 3d 75, 78 (2001); see also *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 295 (1993) ("[I]nterest is neither a penalty nor a bonus, but instead a preservation of the economic value of an award from diminution caused by delay."). "The trial court has no discretion to deny postjudgment interest, as the imposition of statutory interest from the date the final judgment was entered is mandatory." *Certain Underwriters at Lloyd's, London*, 2014 IL App (1st) 132020, ¶ 62.

¶ 20    Regent initially responds that Kildare has "forfeited the issue" relating to postjudgment interest because Kildare requested postjudgment interest "for the first time" on May 10, 2021, and because Kildare "failed to make any arguments or cite to any cases to support" its claim that postjudgment interest accrued from the jury verdict.

¶ 21    Postjudgment interest, however, arises automatically by statute and is not subject to waiver or forfeiture. See *Patton v. Biswell*, 2021 IL App (4th) 200187-U, ¶ 39 ("Since postjudgment interest is purely a statutory creation [citation], the statute speaks in mandatory terms, and there is no authority to the contrary, we conclude a judgment creditor cannot waive the right to have postjudgment interest begin accruing when the verdict is read and when the judgment is entered." (Internal quotation marks omitted.)). "The language of the statute is positive and self-executing," meaning "[t]he trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment." (Internal quotation marks omitted.) *In re Estate of Marks*, 51 Ill. App. 3d 535, 539 (1977); see also *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 862 (1997) ("Illinois law provides for a statutorily mandated accrual of interest on judgments."). Because whatever postjudgment interest to which Kildare is entitled arises automatically by statute, we reject

Regent's argument that Kildare waived its claim to postjudgment interest for filing an allegedly "untimely" request or for failing to submit case authority to the trial court along with its request.

¶ 22    Regent next contends that postjudgment interest is not warranted because the trial court vacated the jury verdict and judgment for Kildare, and accordingly, "the final verdict in this claim did not occur until after this [c]ourt's opinion and the entry of judgment in favor of Kildare on June 24, 2021." Kildare, however, contends that postjudgment interest runs from June 7, 2018, the date of the original jury verdict and judgment. Kildare notes that it was "deprived [of] the right to access any of its well-deserved funds" from the date of the original jury verdict, throughout the appellate proceedings, and until Regent eventually paid the judgment amount. Kildare contends that it "will only be made whole" if postjudgment interest is awarded from the date of "the original reinstated June 7, 2018 judgment."

¶ 23    Both the Illinois appellate court and the Illinois supreme court have considered the "date of judgment" on which postjudgment interest begins to accrue in analogous cases involving appellate reversals of orders for judgment notwithstanding the verdict.

¶ 24    In *Gnat v. Richardson*, 378 Ill. 626 (1942), the plaintiff sued for injuries sustained in a collision between a street car operated by the defendants and an automobile in which the plaintiff was riding. *Id.* at 627. The jury returned a verdict in the plaintiff's favor in the amount of $5000, and judgment was entered upon the verdict. The trial court thereafter granted the defendants' motion for judgment notwithstanding the verdict. *Id.* The plaintiff appealed, and the appellate court reversed the judgment notwithstanding the verdict and entered judgment for the plaintiff in the amount of $5000, plus interest from the date of the jury verdict. See *Gnat v. Richardson*, 311 Ill. App. 242, 35 N.E.2d 409 (1941) (abstract of opinion) ("Judgment for the defendants notwithstanding the verdict is reversed; judgment on the verdict in favor of plaintiff entered here

for $5,000, together with interest *** *from date of verdict*." (Emphasis added.)). Thereafter, on appeal to the supreme court, the supreme court affirmed the appellate court's decision to "reverse[ ] the judgment of the circuit court *** and enter[ ] a judgment for the amount of the verdict, with interest from the date thereon." *Gnat*, 378 Ill. at 630.

¶ 25    Similarly, in *Duffek v. Vanderhei*, 104 Ill. App. 3d 422, 423-24 (1982), the plaintiff obtained a $25,000 personal injury verdict against the defendant, and judgment was entered on the verdict. The trial court subsequently granted the defendant's posttrial motion for judgment notwithstanding the verdict. Thereafter, the appellate court reversed the judgment notwithstanding the verdict and remanded the cause with directions to enter judgment for the plaintiff. *Id.* at 422. On remand, the plaintiff filed a petition for postjudgment interest, claiming interest was due during the pendency of the appeal. The circuit court denied the plaintiff's petition. On appeal from that denial, the appellate court noted that the question on appeal was "when a judgment notwithstanding the verdict is reversed and remanded with directions to enter judgment on the jury's verdict, does interest on that judgment accrue from the date of the jury's verdict?" *Id.* at 423. The court answered that question in the affirmative, further noting that it was "mandatory" for the trial court to "ascertain the interest accruing upon a verdict and include it in the judgment even though there may be a lengthy delay between the return of the verdict and entry of judgment thereon." *Id.* The court explained that the result was

> "compatible with the legislative philosophy *** which is intended to make the plaintiff whole. [Citations.] A party in whose favor a verdict for damages has been awarded should not be deprived of the use of his money during the pendency of an appeal necessitated by the trial court's erroneous granting of judgment notwithstanding the verdict." (Internal quotation marks omitted.) *Id.* at 425.

¶ 26    Accordingly, the court reversed the order of the trial court denying the plaintiff's petition for interest from the date of the original judgment on the verdict, and remanded the matter to the trial court with directions to award the plaintiff all interest accruing on the jury's verdict from the date of that verdict to the date the defendant tendered payment of the judgment. *Id.*; see also *Proctor Community Hospital v. Industrial Comm'n*, 50 Ill. 2d 7, 9-10 (1971) ("[I]nterest accrues from the date of the award, notwithstanding that at an intermediate level of review the award was overturned and on further review reinstated."); *Wirth v. Industrial Comm'n*, 63 Ill. 2d 237 (1976).

¶ 27    In this case, the jury reached a verdict for Kildare for $544,366 on June 7, 2018, and the trial court entered judgment on the same day. Accordingly, and by operation of the statute, postjudgment interest began accruing automatically on June 7, 2018. Like in *Duffek*, Kildare "should not be deprived of the use of [its] money during the pendency of an appeal necessitated by the trial court's erroneous granting of judgment notwithstanding the verdict." *Duffek*, 104 Ill. App. 3d at 425.

¶ 28    Kildare next requests that this court "exercise [our] discretion" pursuant to Illinois Supreme Court Rule 366 (eff. Feb. 1, 1994) and independently calculate and award interest as part of this appeal. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) ("reviewing court may, in its discretion, and on such terms as it deems just, *** enter any judgment, and make any order that ought to have been given or made"). Kildare presents tables that it contends set out the proper calculation of interest. Regent contends that the calculations submitted by Kildare are "wrong" and improperly based on "compound interest."

¶ 29    We do not find entering such an order to be an appropriate exercise of our discretion here, as the appellate record does not contain sufficient information for this court to independently calculate postjudgment interest. In particular, the record is unclear regarding the date that Regent

tendered payment to Kildare. Kildare calculates postjudgment interest through January 6, 2022, but does not provide any explanation for its use of that date. Regent asserts that it paid Kildare on July 2, 2021, attaching to the appendix of its appellate brief alleged correspondence between the parties regarding payment of the judgment. Those documents, however, are not in the appellate record and are not properly before this court. *Scepurek v. Board of Trustees of the Northbrook Firefighters' Pension Fund*, 2014 IL App (1st) 131066, ¶ 2 ("[T]he record on appeal cannot be supplemented by attaching documents to a brief or including them in an appendix." (Internal quotation marks omitted.)). Accordingly, we remand for additional proceedings regarding the calculation of postjudgment interest due.

¶ 30   Finally, Kildare requests that if this court chooses to remand the matter, we order that the matter be "reassign[ed] *** to a different judge for the purposes of judicial economy," asserting that the trial judge is "unwilling or unable to follow the law." However, since the initiation of this appeal, the trial judge has retired, a fact of which we may take judicial notice. See *In re Estate of Bohn*, 2019 IL App (1st) 173083, ¶ 23 (taking judicial notice of the trial judge's retirement after the initiation of the appeal); *People v. Smith*, 326 Ill. App. 3d 831, 855 (2001) ("We take judicial notice that the trial judge has retired from the bench, therefore, a different judge will consider this petition on remand."). Accordingly, on remand, the case will necessarily be reassigned, and Kildare's request in this court is moot.

¶ 31   For the foregoing reasons, we affirm the trial court's denial of prejudgment interest and reverse the trial court's denial of postjudgment interest. We remand the matter with directions to calculate and award Kildare postjudgment interest accruing from the date of the jury's verdict (June 7, 2018) to the date Regent tendered payment of the judgment.

¶ **32**   Affirmed in part and reversed in part; cause remanded with directions.

*4220 Kildare, LLC v. Regent Insurance Co.*, 2022 IL App (1st) 210803

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 10-L-010065, 16-L-010618; the Hon. Thomas R. Mulroy, Judge, presiding. |
| **Attorneys for Appellant:** | Ronald A. Stearney Jr., of Law Offices of Ronald A. Stearney, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Robert Ostojic, of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee. |